DAVID KAYE *v.* TOWN OF MANCHESTER ET AL. (7743)

BORDEN, NORCOTT and FOTI, Js.

Argued October 11, 1989—decision released January 2, 1990

*Harold R. Cummings,* with whom was *Vincent J. Purnhagen,* for the appellant (plaintiff).

*Edward W. Gasser,* with whom, on the brief, was *Patricia Shea Lovell,* for the appellees (named defendant et al.).

*Constance L. Epstein,* with whom, on the brief, was *Michael L. McDonnell,* for the appellee (defendant Leonard Seader).

NORCOTT, J. The plaintiff, David Kaye, appeals from the trial court's granting of the defendants'[1] motions for summary judgment. The plaintiff claims that the trial court erred (1) in concluding that the claim against defendant Leonard Seader was barred by the statute of limitations and granting his motion for summary judgment, and (2) in granting the motion for summary judgment filed by the town of Manchester and the town board of education. We find no error.

This case involves a complex procedural history. The plaintiff gave notice to the town and board of his intention to commence suit on January 23, 1983. He initially instituted suit on September 14, 1984, against the town and the board. The complaint was in two counts, one against each municipal defendant, and was based solely upon allegations of negligence in the construction and maintenance of a public sidewalk located at Bennett Junior High School, where the plaintiff allegedly fell and injured himself on September 22, 1982. On September 17, 1984, service of this complaint was made on the Manchester town clerk and on "Leonard Seader, Chairman" of the board.

On February 17, 1987, the town filed a motion for summary judgment claiming that the plaintiff's suit was intended as an action pursuant to General Statutes § 7-465,[2] and that § 7-465 is solely an indemnification

---

[1] The defendants involved in this appeal are the town of Manchester, the town board of education and Leonard Seader, chairman of that board. The plaintiff challenges the granting of the town's and the board's motion for summary judgment separately from his challenge to the granting of Seader's motion.

[2] General Statutes § 7-465 provides in pertinent part: "Any town . . . notwithstanding any inconsistent provision of law . . . shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of section 7-308, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for . . . physical damages to person or property . . . if the employee, at the time of the occurrence . . . was acting in

statute and does not create a right of action against the town or board without a cause of action against an individual employee of that town. On July 15, 1987, in response to the original defendants' motion, the plaintiff filed a request to amend his complaint, and, on the next day, he filed a motion to cite in, as additional defendants, Seader and William Dion, the board's supervisor of buildings and grounds. On August 31, 1987, the court granted both the motion to amend and the motion to cite in the additional parties.

The plaintiff's amended complaint, filed on September 8, 1987, added several counts. In addition to alleging negligence by the town and board, the amended complaint named Seader and Dion as defendants, alleged negligence by them and claimed that they were employees of the town under § 7-465. The complaint further alleged that the board is an employee of the town under § 7-465 and that the town is liable under § 7-465 by way of indemnity. On September 4, 1987, almost five years after the incident, Seader was served with the amended complaint. On February 22, 1988, the trial court granted Dion's motion to dismiss the action as to him on the ground of insufficient service of process.[3] Thereafter, Seader filed his motion for sum-

the performance of his duties and within the scope of his employment. . . . *No action for personal physical injuries . . . shall be maintained against such municipality and employee jointly unless such action is commenced* within *two years* after the cause of action therefor arose *nor unless written notice of the intention to commence such action* and of the time when and place where the damages were . . . sustained *has been filed* with the clerk of such municipality within six months after such cause of action has accrued. Governmental immunity shall not be a defense in any action brought under this section." (Emphasis added.)

[3] Subsequent to the judgment from which the plaintiff is appealing, Dion was served with an amended complaint. Dion's motion for summary judgment on that complaint was granted in October, 1989. Because that ruling occurred after the briefs had been filed and shortly before oral argument of this appeal, it is not the subject of this appeal.

mary judgment claiming that the suit against him was barred by the statute of limitations. The trial court agreed and granted the motion.

On December 22, 1987, the town and board moved for summary judgment, claiming that when an action against specific municipal employees is dismissed or barred, the plaintiff cannot recover against the town or board pursuant to § 7-465. The court granted these motions on January 9, 1988. On January 27, 1988, the court rendered its judgment, concluding that because the cause of action against Seader was barred by the statute of limitations, the town and board were not liable under § 7-465 since there remained no viable suit against an individual employee.

The plaintiff first claims that the trial court erred in granting Seader's motion for summary judgment. He claims that his original action was a § 7-465 action, that Seader was actually a party to this action from the date of the original complaint and that he was put on notice by both the plaintiff's letter of notice and the original service of the summons and writ. The plaintiff further claims that when he finally amended his complaint and cited in Seader, his amendment related back to the date of the original action. We disagree.

The plaintiff's argument is flawed because his original complaint cannot be construed to be a claim under § 7-465, Seader was not a party to the original complaint, and he was not on notice that he was being sued individually. We conclude that the amended complaint did not relate back to the date of the original complaint, and, therefore, the amended claim was barred by the statute of limitations.

The plaintiff's original complaint, in order to comport with § 7-465, must have necessarily claimed liability on the part of Seader individually and indemnity therefor by his municipal employer. " 'While § 7-465

provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment . . . it is quite clear that the municipality does not assume the liability in the first instance.' *Kostyal* v. *Cass,* 163 Conn. 92, 97, 302 A.2d 121 [1972]." *Fraser* v. *Henninger,* 173 Conn. 52, 56, 376 A.2d 406 (1977). "The municipality's liability is derivative." *Ahern* v. *New Haven,* 190 Conn. 77, 82, 459 A.2d 118 (1983); see also *Lund* v. *Trojanski,* 29 Conn. Sup. 69, 70, 271 A.2d 123 (1970).

"An amended complaint, if permitted, relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action." *Jonap* v. *Silver,* 1 Conn. App. 550, 555, 474 A.2d 800 (1984). While an amendment that corrects a minor defect relates back to the date of the original complaint, one stating a separate cause of action is barred by the statute of limitations. Further, if the amendment is deemed to be a substitution or entire change of a party, it will not be permitted. *Pack* v. *Burns,* 212 Conn. 381, 384–85, 562 A.2d 24 (1989). If the amendment does not affect the identity of the party sought to be described in the complaint, but merely corrects the description of that party, the amendment will be allowed. Id., 384. The test applied in order to determine whether an amendment is correcting a misnomer as opposed to substituting a new party or claim requires consideration of the following: (1) whether the defendant had notice of institution of the action; (2) whether the defendant knew he was a proper party; and (3) whether the defendant was prejudiced or misled in any way. Id., 385.

The treatment by our courts of cases that deal with amendments illustrates the distinction between amendments that merely correct descriptive defects and those that create new causes of action. In *Pack* v. *Burns,* supra, a case heavily relied upon by both parties, the plaintiff instituted suit against the "State of Connect-

icut Transportation Commission," a nonexistent entity. The plaintiff served her complaint on Commissioner William J. Burns and thereafter amended her complaint to correct the name of the defendant to be "the Commissioner of Transportation." The Supreme Court held that the amendment related back to the date of the original complaint because it merely corrected a "defect in description." Id., 384. The court held that " '[t]he plaintiff's mistake was not as to the entity itself—not as to the party sued, but in describing what kind of entity the defendant was; it sued the proper party, but in so doing misdescribed that party . . . . The change made by the amendment did not affect the identity of the party sought to be described, but merely made correct the description of the real party sued; *it did not substitute or bring in a new party.*' " (Emphasis added.) Id., 384, quoting *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.*, 105 Conn. 640, 643, 136 A. 681 (1927); see also *Ducey* v. *Walsh Construction Co.*, 6 Conn. App. 256, 261, 504 A.2d 565 (1986).[4]

In contrast to *Pack,* the original complaint in the present case contained only allegations of negligence by the town and board. It contained no reference to General Statutes § 7-465 nor did it contain any claim that the town or board was liable as an indemnitor for any individual defendant's negligence. Further, no mention was made of any specific employee, much less one who might have been a misdescription of Seader. While it is true that Seader received service of the complaint, it is clear that he received it in his official capac-

---

[4] In *Ducey* v. *Walsh Construction Co.*, 6 Conn. App. 256, 504 A.2d 565 (1986), the plaintiff named "Walsh Construction Co. Ltd" as the defendant instead of the intended "Walsh Construction Co. a Division of Guy F. Atkinsin, Co." We held that the plaintiff's proposed amendment to correct the name of the defendant merely corrected a misnomer because the person who received notice was an officer of both corporations and knew of the mistake. He was, therefore, placed on notice and was not prejudiced by the amendment. Id., 261.

ity as agent for the board.[5] There was nothing in either the complaint or in the original notice that would have alerted Seader to the fact that he was being sued for negligence. In short, the plaintiff did nothing within the two year limitation period to alert Seader to the fact that he was to be a defendant in this action.

Hence, although Seader had notice of the institution of the original action, he was not a party to it, had no way of knowing that he was to be a party, and would be prejudiced by the passage of time if the amended complaint were to relate back. *Pack* v. *Burns,* supra. As a result, when the complaint was amended in September, 1987, it stated a new cause of action against a new defendant, and did not relate back to the date of the original complaint.

Our decision on this first issue is dispositive of the plaintiff's second claim, namely, that the court erred in granting the town's and the board's motions for summary judgment. Without the amendment, there was no cause of action stated against the town. Accordingly, the trial court properly granted the town's and board's motions.

Finally, the plaintiff attempts to salvage his original complaint by claiming that the board is an "employee" of the town within the meaning of § 7-465 (a). This claim is meritless. The clear language of § 7-465 (a) defines an employee as "a *member of a town board of education* and any *teacher* . . . or *other person* employed by such board." (Emphasis added.) Clearly, this language indicates that only individuals and not entire boards are considered to be employees under this section.

There is no error.

In this opinion the other judges concurred.

---

[5] Indeed, the summons was addressed to "Leonard Seader, Chairman."