[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
In this case, the plaintiff has brought suit against the City of Hartford and five police officers, three of whom he has sued as John, Sam and Henry Doe. The plaintiff acknowledges that the Doe defendants are fictitious names.
The suit alleges injuries to the plaintiff incurred when he was allegedly falsely arrested and imprisoned. The plaintiff avers that the use of the fictitious names is necessitated by his lack of knowledge of the true identity of the three officers whom he has described only with the surname "Doe".
The City of Hartford and all of the police officers have moved to dismiss the action on two grounds. The first ground is that there is no authority in Connecticut, statutory or otherwise, to proceed against unknown persons. The second ground alleges improper service on these individuals thus depriving the court of personal jurisdiction.
The allegation of improper service is merely a claim by the defendants that the individual served has no authority to accept service for the unidentified officers. No testimony was presented nor was the motion accompanied by an affidavit of facts. P.B. 143. The motion based on this ground of improper service is therefore denied.
As to the claim of the lack of authority in Connecticut for the use of fictitious names in civil actions, there have CT Page 11100 been very few judicial pronouncements on the subject.
Generally speaking, many states permit the use of fictitious names where the identity of the particular defendants is unknown only where they are authorized by rule or statute. See 67 C.J.S. Parties 115 P. 937-939 (1978). General Statutes 52-45a seems also to require the specific, naming of the parties wherein it provides "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties . . ." (emphasis added).
The issue before this court, therefore, is whether in Connecticut a plaintiff is prohibited from bringing a lawsuit naming defendant(s) as fictitious persons when such defendant(s) names are unknown to the plaintiff at the time of the commencement of the action.
This precise question has never been considered by either of our appellate courts.
These courts, however, have dealt with the use of fictitious or incorrect names under different circumstances.
In Buxton v. Allman, 147 Conn. 48, 59 (1959), our Supreme Court discussed the use of fictitious names by a plaintiff who did not wish to be identified. The court cited P.B. 336 (then 199)[1] which alludes to the use of fictitious names prior to judgment and the filing of a judgment file. In that case the court specifically authorized the use of a fictitious named plaintiff where the issue before the court was not moot and ". . . the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest."
In Pack v. Burns, 212 Conn. 301, (1989), the court distinguished between the correction of a misnomer in describing the party originally summoned and the introduction of a new party to the proceedings. The court, therein, applied the following criteria for allowing the substitution of a name, i.e. whether an amendment simply corrected a misnomer, rather than substituted a new party: "They are that the proper party defendant (1) have actual notice of the institution of the action; (2) knew that it was the proper defendant in the action; and (3) was not in anyway misled to its prejudice." CT Page 11101
Finally, in Kaye v. Manchester, 20 Conn. App. 439 (1990), our Appellate Court recognized the validity of a misnomer and applied the same test as in Pack v. Burns, supra. In that case the court denied substitution of a name on the ground that the actual named defendant would not have known of the suit and prejudice to him would occur.
In the instant case, none of the facts and criteria described in those cases are before the court. The defendants claim a dismissal of this lawsuit must be granted as a matter of law merely because fictitious names are used.
The court is of the opinion that the above cited cases do indeed authorize the court to sanction the use of fictitious names under the circumstances stated therein. The court therefore holds that in Connecticut the court is authorized to allow a plaintiff to bring a lawsuit naming defendants as fictitious persons when such names are unknown to the plaintiff, and when it is necessary to further the litigation. In addition, the defendants must have actual notice of the institution of the action, know further that they are proper defendants and are not misled to their prejudice by the use of such fictitious names.
For these reasons the motion to dismiss on the first ground of unauthorized use of fictitious names is denied.
Edward J. Daly, Jr. for plaintiff.
Scott B. Clendaniel for defendants.