[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On March 4, 1992, the plaintiff, Constance Anderson, filed a two-count action against the defendants, Housing Authority of the City of Hartford [Authority] and the City of Hartford [City], seeking to recover for personal injuries the plaintiff allegedly sustained on March 30, 1990 when she slipped and fell on ice and snow on premises owned by the Authority. In the first count, the plaintiff alleges a negligence claim against the Authority for its failure to keep the area in which the plaintiff fell in a safe condition. In the second count, the plaintiff alleges that when her mother contacted the City's 911 operator requesting emergency medical assistance for the plaintiff, she informed the 911 operator that the ambulance would need to be equipped with special equipment in order to provide CT Page 9784 services for the plaintiff, but the operator negligently failed to relay the proper information to the ambulance company to enable it to provide adequate and timely services to the plaintiff. Attached to the plaintiff's complaint as Exhibit A is a copy of the notice of intent to sue sent to the Authority pursuant to General Statutes § 8-67. Attached to the plaintiff's complaint as Exhibit B is a copy of the notice of intent to sue sent to the City pursuant to General Statutes § 7-465.
On April 24, 1992, the City filed an answer and a special defense alleging governmental immunity. On January 20, 1993, the City filed a motion for summary judgment on the ground that the plaintiff failed to state a cause of action against the City in that she failed to name an individual employee of the City in order to invoke the indemnity provisions of General Statutes § 7-465. The plaintiff filed a memorandum in opposition to the City's motion, claiming, inter alia, that further discovery in this matter was likely to reveal the specific name of the employee involved, which would entitle the plaintiff to file an amended complaint naming the employee.
On April 1, 1993, the plaintiff filed a motion to cite in Thomas Raines, a 911 operator, as a party defendant, accompanied by a proposed three-count amended complaint, in which she added a count directed against Raines seeking indemnification pursuant to General Statutes § 7-465 from the City for the negligent acts of Raines. The City objected to the plaintiff's motion, claiming that the applicable statute of limitations, General Statutes § 52-584, bars the plaintiff's action against Raines.
By memorandum of decision dated August 17, 1993, the Court, Wagner, J., granted the plaintiff's motion to cite in Thomas Raines as a party defendant. In its memorandum of decision, the Court noted that where, as in this case, right of action exists independently of the statute in which the limitation is found such a statute is considered personal and procedural and is deemed waived unless it is specially pleaded. The Court concluded that the statute of limitations claim is not a proper ground on which a defendant may base its objection to a motion to cite in an additional party. Thereafter, the plaintiff served Thomas Raines with a copy of the amended complaint. CT Page 9785
On November 5, 1993, the City filed a withdrawal of its motion for summary judgment filed January 20, 1993. Also on November 5, 1993, the City and Raines filed an answer and two special defenses. In the first special defense directed to the second count of the amended complaint, the defendants allege that the City is immune from suit. In the second special defense, directed to the third count of the amended complaint, the defendants allege that the plaintiff's claim is barred by the applicable statute of limitations. Also on November 5, 1993, the City and Raines filed a new motion for summary judgment, accompanied by a memorandum of law in support of their motion. These defendants argue that the plaintiff's claim against Raines is barred by the statute of limitations. The defendants further argue that because the plaintiff will be unable to obtain a judgment against an individual employee of the City, the plaintiff cannot invoke the indemnity provision of General Statutes § 7-465.
On November 22 1993, the plaintiff filed a reply to the special defenses of the City and Raines. On April 7, 1994, the plaintiff filed a memorandum of law in opposition to the defendants' motion for summary judgment. The plaintiff asserts that her claim against Raines relates back to the filing of the original complaint, and therefore is not barred by the statute of limitations.
DISCUSSION
Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; see Gurliacci v. Mayer, 218 Conn. 531,562, 590 A.2d 914 (1991). The function of the trial court in summary judgment proceedings is not to decide issues of material fact but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). The court must view the evidence in the light most favorable to the nonmoving party. Catz v.Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986). The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact.Nolan v. Borkowski, supra, 500. CT Page 9786
The defendants argue that the amended complaint, naming Raines as a defendant for the first time, does not relate back to the original complaint filed within the two-year statute of limitations. The defendants argue that because the plaintiff's action against Raines is barred by the statute of limitations and the City's liability. pursuant to General Statutes § 7-465 is derivative, the plaintiff's claim against the City also fails. In support of their argument, the defendants rely on the case of Kayev. Manchester, 20 Conn. App. 439, 568 A.2d 459 (1990).
The plaintiff argues that the amendment to the complaint naming Raines relates back to the original complaint, and therefore that her claim against Raines is not barred by the statute of limitations and her derivative claim against the City does not fail. The plaintiff claims that because her original complaint refers to the 911 operator, the City was fairly put on notice of that the claim pending against it was predicated upon the negligence of one of its employees, and the City knew or should have known of the identity of the 911 operator from its own records.
In Kaye v. Manchester, the plaintiff instituted an action in September, 1984 against the town and the board of education for injuries he sustained in a fall on a public sidewalk on September 22, 1992. The complaint was served on the town clerk and "Leonard Seader, Chairman" of the board, but named only the town and the board of education as defendants. The town filed a motion for summary judgment claiming that the plaintiff's suit was intended as an action under § 7-465 and that § 7-465 does not create a right of action against the town or board without a cause of action against an individual employee of the town. Thereafter, the plaintiff filed a request to amend the complaint and a motion to cite in Seader and another employee, Dion, as additional defendants. The Court granted both motions and the plaintiff filed an amended complaint in which he added allegations of negligence by Seader and Dion. Seader was served with the amended complaint in September, 1987, almost five years after the incident. Seader filed a motion for summary judgment on the ground that the suit against him was barred by the statute of limitations. The trial court granted the CT Page 9787 motion. The action was dismissed as to Dion for insufficiency of service of process.
Thereafter, the town and board filed motions for summary judgment, claiming that when an action against specific town employees is dismissed or barred, the plaintiff cannot recover against the town or board pursuant to § 7-465. The court granted both these motions and the plaintiff appealed.
The Appellate Court stated: "The plaintiff's original complaint, in order to comport with § 7-465, must have necessarily claimed liability on the part of Seader individually and indemnity therefor by his municipal employer. While § 7-465 provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment . . . it is quite clear that the municipality does not assume the liability in the first instance. . . . The municipality's liability is derivative." (Citations omitted; internal quotation marks omitted.)Kaye v. Manchester, supra, 20 Conn. App. 444; see Ahern v.New Haven, 190 Conn. 77, 82, 459 A.2d 118 (1983).
If permitted, an amended complaint relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action. Id.; see Jonap v.Silver, 1 Conn. App. 550, 555, 474 A.2d 800 (1984). "While an amendment that corrects a minor defect relates back to the date of the original complaint, one stating a separate cause of action is barred by the statute of limitations."Id. "[I]f the amendment is deemed to be a substitution or entire change of a party, it will not be permitted." Id., citing Pack v. Burns, 212 Conn. 381, 384-85, 562 A.2d 24
(1989). "If the amendment does not affect the identity of the party sought to be described in the complaint, but merely corrects the description of that party, the amendment will be allowed." Kaye v. Manchester, supra, citing Pack v. Burns, supra, 384. "The test applied in order to determine whether an amendment is correcting a misnomer as opposed to substituting a new party or claim requires consideration of . . . (1) whether the defendant had notice of institution of the action; (2) whether the defendant knew he was a proper party; and (3) whether the defendant was prejudiced or misled in any way." Kaye v.Manchester, supra, citing Pack v. Burns, supra, 385. CT Page 9788
In this case, as in Kaye, the allegations of the original complaint contain no direct reference to General Statutes § 7-465. Paragraph five of count two, however, references a notice of intent to sue sent to the City and attached to the complaint as exhibit B, which states that the plaintiff "intends to commence this action pursuant to Connecticut General Statutes § 7-465 for physical injuries sustained by [the plaintiff.]" In the original complaint, the plaintiff alleged that her mother contacted the City's 911 operator and informed the operator that the emergency vehicle would need to be equipped with special equipment to provide services to the plaintiff. The plaintiff further alleged that "[d]espite the information relayed to the 911 operator, the ambulance [that] arrived at the scene of plaintiff's fall was not equipped with the necessary equipment. . . ." (Complaint, count two, para. 4). The plaintiff alleged that her injuries and losses "were caused by the negligence and carelessness of the defendant, City of Hartford, by and through its agents and/or employees, in that said defendant, by and/or through its agents or employees, failed and neglected to relay the proper information to the ambulance company. . . ." (Complaint, count two, para. 6). The plaintiff alleged that "[d]ue to the negligence and carelessness of the defendant as aforesaid, the plaintiff did not receive immediate medical attention and as a result, the plaintiff's injuries were exacerbated. . . . As a further result of the negligence and carelessness of the defendant, the plaintiff has incurred expenses for medical treatment. . . ." (Complaint, count two, paras. 7, 8).
In Kaye, Seader had notice of the action because he was served with a copy of the original complaint in his official capacity as chairman of the board. In Kaye, however, the Court noted that "although Seader had notice of the institution of the original action, he was not a party to it, had no way of knowing that he was to be a party, and would be prejudiced by the passage of time if the amended complaint were to relate back." Id., 446. In this case, by parallel logic, the allegations of the original complaint quoted above, while referring to "the 911 operator," do not mention Raines by name or otherwise put Raines on notice that he was to be a defendant in this action. Therefore, here, as in Kaye, the amendment to the CT Page 9789 complaint adding a new cause action against Raines cannot be held to relate back to the filing of the original complaint. Accordingly, the plaintiff's action against Raines, filed over three years after the plaintiff was injured, is barred by the statute of limitations.
Without the amendment adding allegations against Raines upon which to base a § 7-465 indemnification claim against the City, there is no cause of action stated against the City. See Kaye v. Manchester, supra, 20 Conn. App. 446. Accordingly, the motion for summary judgment filed by the City and Raines as to counts two and three of the amended complaint is hereby granted.
Michael R. Sheldon Judge