[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of an allegedly improperly filled prescription delivered to the plaintiff, Cassandra Franceskino, CT Page 3388 by the defendants, Brooks Drugs, Inc. (hereafter "Drugs") and its pharmacist, Mary Ellen McGorty (hereafter "McGorty"). Franceskino claims that on August 24, 1992, she tendered a prescription to Drugs at its North Street location in Danbury calling for 250 mg. tablets of ERYC. Rather than receiving the ERYC, Franceskino alleges that McGorty filled the prescription with Amoxicillin. Thereafter, Franceskino ingested the Amoxicillin thereby causing her severe personal injuries.
On August 24, 1994, within two years of the incident, Franceskino brought suit against Brooks Pharmacy (hereafter "Pharmacy") and McGorty. Pharmacy was served through its agent for service in Hartford and McGorty was served personally in Bethel. On August 24, 1994, Pharmacy wrote to Franceskino's counsel indicating that it was the wrong defendant, as the only Brooks Pharmacy, Inc. operated in Enfield, Connecticut. Subsequent to this indication, on September 23, 1994, the firm of Cotter, Cotter Sohon, P.C. entered an appearance for Pharmacy and filed a request to revise the complaint on behalf of Pharmacy. The request to revise did not include a request that the complaint be amended to reflect the proper defendant. Franceskino's counsel then filed a motion to cite in Drugs that was granted by the court, Leheny, J., on November 21, 1994. On December 30, 1994, service through the secretary of state was made on Drugs. Thereafter, Cotter, Cotter Sohon, P.C. entered an appearance for Drugs. On January 17, 1995, Franceskino withdrew her action against Pharmacy. On November 24, 1995, Drugs filed a motion for summary judgment on the ground that the action against it was not commenced within two years of the incident as required by Sec. 52-584 of the General Statutes.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the CT Page 3389 existence of a material fact and therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Home Ins. Co. v.Aetna Life Casualty Co., 235 Conn. 185, 202.
Section 379 of the Practice Book provides, in pertinent part: "[A]ny party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial." On November 2, 1995, Franceskino filed a claim for the civil trial list. Subsequently, on November 16, 1995, and again on November 24, 1995, Drugs filed a motion for summary judgment on the ground of statute of limitations.[1] Drugs did not, prior to the filing of its motions for summary judgment, seek the court's permission to do so. Because Drugs has not complied with Sec. 379, the court denied the defendant's motion for summary judgment. In addition, there is a genuine issue of material fact in this case and therefore, Drugs is not entitled to judgment as a matter of law.
Section 52-584 of the General Statutes requires that personal injury actions based in negligence "shall be brought . . . within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered." No dispute exists that Franceskino commenced her action against Drugs outside this time period. The contested issue, however, is whether the commencement of suit against Drugs relates back to the filing of the suit against Pharmacy.
"An amended complaint, if permitted, relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action. . . . While an amendment that corrects a minor defect relates back to the date of the original complaint, one stating a separate cause of action is barred by the statute of limitations. Further, if the amendment is deemed to be a substitution or entire change of a party, it will not be permitted. . . . If the amendment does not affect the identity of the party sought to be described in the complaint, but merely corrects the description of that party, the amendment will be allowed. . . . The test applied in order to determine whether an amendment is correcting a misnomer as opposed to substituting a new party or claim requires consideration of the following: (1) whether the defendant had notice of institution of the action; (2) whether the defendant knew he was a proper party; and (3) CT Page 3390 whether the defendant was prejudiced or misled in any way." (Citations omitted; internal quotation marks omitted.) Kaye v.Manchester, 20 Conn. App. 439, 444.
Based on the parties' pleadings and facts as alleged, a genuine issue of material fact exists as to whether Drugs had notice of the institution of this action. Specifically, the fact that counsel entered an appearance for Brooks Pharmacy, when it was aware of the distinction between the two entities, could support the inference that Drugs was aware that it was the proper party in interest, particularly when Pharmacy and Drugs' counsel was already in receipt of a demand letter from Franceskino's attorney describing the incident.
These facts, indeed, give rise to a genuine issue of material fact as to Drugs' notice of the suit and, accordingly, the motion for summary judgment is denied.
Moraghand, J.