[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Norma Rodriguez instituted this action against Wilmorite, Inc. for injuries she sustained on January 9, 1991, when she slipped and fell in a parking lot at 7 Backus Avenue in Danbury, Connecticut. In her complaint, Rodriguez alleged that Wilmorite CT Page 7338 was the owner of the premises where her injuries occurred. Wilmorite filed an answer and special defense denying, inter alia, that it was the owner of the premises and emphasized that it is not now, nor has it ever been, the owner of the premises described in the complaint.
Rodriguez thereafter filed a motion to cite in the Danbury Mall Associates Limited Partnership (Danbury) as a defendant on the basis of its ownership of the premises in question, which motion was granted by the court (Moraghan, J.). Rodriguez filed a revised two-count complaint against both Wilmorite and Danbury alleging separate counts sounding in negligence against each defendant and, Wilmorite and Danbury filed an answer and special defenses, each denying ownership of the premises. Danbury's answer stated that it lacked knowledge or information sufficient to form a belief as to whether it owned the premises and it also raised the special defense that Rodriguez' complaint was barred by the statute of limitations.
Danbury has now filed a motion for summary judgment on the basis of the expiration of the statute of limitations.[1] It argues that there is no genuine issue of material fact that Rodriguez did not commence the action against it within two years of the date of her injury and that it is, therefore, entitled to judgment in its favor as a matter of law.
In response, Rodriguez argues that although she did not name Danbury as a defendant in the original action, her motion to cite in Danbury relates back to the date of the filing of the original complaint for two reasons. First, she argues that by citing Danbury in as a defendant, she was merely correcting the misidentified property owner within the meaning of the relation back doctrine. Second, she asserts that there is a "close relationship" between Wilmorite and Danbury which establishes that Danbury knew at the time of the filing of the original complaint that it was the proper party.
This close relationship, Rodriguez argues, is evidenced by the fact that the parties share the same address and the fact that the parties are represented by the same counsel. She further points out that Danbury and Wilmorite share the same agent for service, which agent not only participated in the two pretrials held on this case, but in fact described to Rodriguez' counsel and Justice Hull, who conducted the pretrial, the relationship between the two entities. As a result of the agent's description CT Page 7339 of the relationship between Danbury and Wilmorite, Rodriguez withdrew the action against Wilmorite, realizing that Danbury was in fact the owner of the premises. Significantly, in opposition to the motion for summary judgment, Rodriguez has attached a certified copy of the deed to the premises which shows that it was transferred to Danbury by Wilmorite by quit claim deed in March, 1985. Thus, Wilmorite's assertion in its answer that it was not, nor had it ever been the owner of the premises was clearly misleading.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Home Ins. Co. v.Aetna Life Casualty Co., 235 Conn. 185, 202.
Section 52-584 of the General Statutes requires that personal injury actions based in negligence be brought within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. There is no question that Rodriguez commenced the action against Danbury outside of the two-year statute of limitations governing this action. The issue then, is whether the commencement of suit against Danbury relates back to the initial filing of the suit against Wilmorite.
"An amended complaint, if permitted, relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action. . . . While an amendment that corrects a minor defect relates back to the date of the original complaint, one stating a separate cause of action is barred by CT Page 7340 the statute of limitations. Further, if the amendment is deemed to be a substitution or entire change of a party, it will not be permitted. . . . If the amendment does not affect the identity of the party sought to be described in the complaint, but merely corrects the description of that party, the amendment will be allowed. . . . The test applied in order to determine whether an amendment is correcting a misnomer as opposed to substituting a new party or claim requires consideration of the following: (1) whether the defendant had notice of institution of the action; (2) whether the defendant knew he was a proper party; and (3) whether the defendant was prejudiced or misled in any way." (Citations omitted; internal quotation marks omitted.) Kaye v.Manchester, 20 Conn. App. 439, 444.
Based on the parties' pleadings and facts as alleged, a genuine issue of material fact exists as to whether Danbury had notice of the institution of this action. In particular, the fact that Wilmorite denied that it had ever owned the premises when it had in fact transferred the premises to Danbury seems disingenuous to the court. Rodriguez has also submitted copies of a letter sent by her attorney to Wilmorite — within the limitations period — describing the incident and the location, and a responsive letter from Wilmorite's counsel requesting further information and indicating that it would be investigating the incident. Moreover, the fact that the two entities share the same attorneys and the same agent for service gives rise to an issue of fact as to whether Danbury was aware that it was the proper party in interest, particularly when Wilmorite and Danbury's counsel was already in receipt of the letter referred to above from Rodriguez' attorney describing the incident.
To reiterate, these facts give rise to a genuine issue of material fact as to Danbury's notice of the suit sufficient to withstand a motion for summary judgment. The motion is, accordingly, denied.
Moraghan, J.