[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This proceeding was instituted against the Town of Newtown, the Newtown Park and Recreation Department, Richard Grant, Theresa Grant, Jim Grant and two camp counselors at Newtown Park and Recreation Day Camp under the fictitious names of "Michelle Moe" and "Richard Doe," alleging that Richard Grant pushed and injured the plaintiff while the two boys were at the Newtown Park and Recreation Day Camp. The first count of the complaint dated June 25, 1996, alleges the defendants "`Matthew and Michelle' were counselors at the Newtown Park and Recreation Day Camp," and that these counselors negligently caused the plaintiff's injuries. Service was supposedly made upon the defendant counselors by leaving a copy of the writ, summons and complaint CT Page 2125 with the town clerk for the town of Newtown on June 28, 1996. On July 18, 1996, the complaint was amended as of right by the alteration of the first count to read in part: "[a]t all relevant times mentioned herein the defendant's [sic] Matthew `Doe' aka Matthew Brimmer and Michelle `Moe' aka Megan Mackenzie were Counselors at Newtown Park and Recreation Day Camp. . . ."
On July 18, 1996, an appearance was duly filed on behalf of the defendant counselors, under the names Michelle Moe and Matthew Doe, and on August 13, 1996, those counselors, under the same fictitious names, moved to dismiss the complaint for insufficient service of process and lack of personal jurisdiction. The plaintiff has filed no opposition memorandum.
A motion to dismiss is the proper method by which to contest insufficient service of process. Practice Book § 143(4). "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 142. "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes . . . are essential to jurisdiction over the person." (Citation omitted; internal quotation marks omitted; emphasis omitted.) Bridgeportv. Debek, 210 Conn. 175, 179-80 (1985).
While no appellate authority in Connecticut has addressed the propriety of naming fictitious defendants in complaints, the majority of Superior Court decisions have not permitted that practice.[1] No statute or Practice Book section deals specifically with the issue, but Sec. 52-45a of the General Statutes provides in pertinent part that: "[c]ivil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties. . . ." (Emphasis added.) In addition, Sec. 52-68 is entitled "[n]otice to nonresident adverse or interested parties and interested parties unknown to plaintiff," but "52-68 has long been held to apply only to actions in rem. . . ." Silverlieb v. Euroform Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 101089 (June 14, 1991, Mottolese, J.), citing Mazzei v.Cantales, 142 Conn. 173, 177 (1955).
The filing of an amended complaint changing the fictitious defendants to named parties may be allowed, but only if the amendment serves to correct a misnomer, not to substitute a new CT Page 2126 party. Kaye v. Manchester, 20 Conn. App. 439, 444 (1990), citingPack v. Burns, 212 Conn. 381, 384-85 (1989). "In determining whether an amendment is a correction of a misnomer or a substitution of a new party, the court should consider the following: (1) whether the defendant had notice of institution of the action; (2) whether the defendant knew he was a proper party and (3) whether the defendant was prejudiced or misled in any way." Kerr v. Doe, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 117897 (April 15, 1994, Sullivan, J.), quoting Kaye v. Manchester, supra, 20 Conn. App. 444.
In the present case, the plaintiff filed an amended complaint naming the defendant camp counselors within three weeks after filing the original complaint. However, he has made no argument, and there is no evidence that the defendant counselors had notice of the action, knew they were proper parties, or would not be prejudiced by allowing the amendment. Consequently, this court finds that the substitution of the counselors' names is not a mere correction of a misnomer, but rather the inclusion of new parties to the action. See Kerr v. Doe, supra.
Because no specific authority for serving unknown defendants exists, Sec. 52-54, describing the procedure for service on individual defendants, is the relevant service statute. It provides inter alia that: "[t]he service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode. . . ." "[T]here is no substitute for `in hand' or abode service . . . where jurisdiction over the person of a resident individual is sought' unless a statute provides otherwise."Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163
(1989), quoting White-Bowman Plumbing Heating Inc. v. Biafore,182 Conn. 14, 16-17 (1980).
In the present action, the plaintiff attempted to make service on the unnamed defendant counselors by serving the town clerk. Such service does not comply with Sec. 52-54 or any other service statute. Assuming arguendo that the town clerk could be considered to be an agent at the unnamed defendant counselors' place of employment, such service on a place of employment cannot substitute for service on one's abode in the absence of caselaw or statutory authority. Grayson v. Wofsey, Rosen, Kweskin Kuriansky, 40 Conn. Sup. 1, 3 (1984). "Where a particular method of serving process is pointed out by statute, that method must be CT Page 2127 followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." (Citations omitted.) Board of Education v. Local1282, 31 Conn. App. 629, 632 (1993). Because the plaintiff did not follow the cited statute, the court is deprived of jurisdiction, and the defendants' motion to dismiss is, accordingly, granted.
Moraghan, J.