[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 170.20)
The complaint alleges the following facts. On December 13, 1995, at approximately 11:50 a.m., unnamed Fairfield police officers received notice that the suspects of an attempted burglary, which occurred in the town of Ridgefield, were being pursued into their town. After they received a description of the suspect motor vehicle and its location, the officers joined the pursuit. They continued the pursuit of the suspects out of their town and into the city of Bridgeport. At approximately 12:20 p. m., the plaintiffs, Alan Sciuto and Ann Marie Lapke, were traveling in a motor vehicle on Fairfield Avenue, when they were struck by the pursued vehicle. As a result of the collision, the plaintiffs allege that they suffered serious physical injuries.
On November 17, 1995, the plaintiffs filed an eight count third amended complaint against, among other parties, the town of Fairfield (hereinafter the town) and unnamed police officers employed by the Fairfield police department. Thereafter, the town filed a motion for summary judgment as to the first and second counts of the plaintiffs' third amended complaint.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the CT Page 16812 moving party is entitled to judgment as a matter of law. Alvarezv. New Haven Register, Inc., 249 Conn. 709, 714, ____ A.2d ___ (1999). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24,727 A.2d 204 (1999)
 A. General Statutes § 52-557n
The town argues that the court should grant summary judgment because, under the circumstances of this case, it is entitled to governmental immunity from liability under General Statutes §52-557n. The plaintiffs reply that, although § 52-557n
shields the municipality from liability for the negligent acts of it or its employees that involve the use of judgment or discretion, it does not shield the municipality from liability for negligently performed ministerial acts. The plaintiffs further argue that they have alleged violations of well established motor vehicle laws and police procedures that do not involve the use of discretion and thus qualify as ministerial acts.
The general rule developed in our case law is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity.Williams v. New Haven, 243 Conn. 763, 766-67, 707 A.2d 1251
(1998) A municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. Heigl v. Board of Education,218 Conn. 1, 4-5, 587 A.2d 423 (1991).
The decision to engage in pursuit is discretionary and immunity may be a defense. However, once pursuit begins, the officer must abide by certain rules (e.g. the use of an audible warning signal) if he is to engage in pursuit in the manner CT Page 16813 described in the complaint. See Conn. Gen. Stat. § 14-283. The rules for such a pursuit are clearly set forth in the statute and if the officer neglected to follow the mandate of the statute by failing to use an audible warning signal and thereby caused the plaintiff's injury, immunity may not apply. Boone v. Mills,
Superior Court, judicial district of Litchfield at Litchfield, Docket No. 51318 (October 17, 1990, McDonald, J.) (2 Conn. L. Rptr. 636)
At least one Superior Court decision characterized a police high speed pursuit, and the acts of the police during the pursuit, as discretionary. See Tucker v. Branford, Superior Court, judicial district of New Haven at Meriden, Docket No. 252918 (April 23, 1998, Dorsey, J.) ("[engaging] in such a pursuit, [the officer] was fulfilling a discretionary public function."). In Tucker, the court found that the officer sued in that case did not violate the town's chase policy as enacted pursuant to General Statutes § 14-283a. See Tucker v.Branford, supra, Superior Court, Docket No. 252918. The court did, however, conclude that the officer violated several of the provisions of General Statutes § 14-283. See Tucker v.Branford, supra, Superior Court, Docket No. 252918. Nevertheless, the court held that the officer's violations of § 14-283 in that case involved the use of discretion during a chase, and that the officer was immune from liability unless one of the recognized exceptions to governmental immunity for discretionary acts applied. See Tucker v. Branford, supra, Superior Court, Docket No. 252918. The court then applied the exceptions to governmental immunity for municipal employees. Id. The court held that pursuant to General Statutes §§ 14-283 (d), 7-465, and the applicable case law, the exceptions to a municipal employee's immunity from liability for discretionary acts applied and subjected the officer to liability for the plaintiff's injuries that he proximately caused. See Tucker v. Branford, supra, Superior Court, Docket No. 252918.
Tucker is distinguishable from the present case because inTucker, the court found that the officer did not violate the town's regulations set forth pursuant to § 14-283a. Here, however, the court has not made such a determination, and the parties have not submitted proof regarding this issue. Accordingly, this court cannot determine whether any Fairfield officers violated established police policy, and if so, whether those violations were ministerial or discretionary. Furthermore, in Tucker, the court limited its finding of discretionary acts to CT Page 16814 those violations of § 14-283 (b) and (d) and the court inTucker did not consider whether other violations of § 14-283
would be characterized as ministerial or discretionary. Cf. Boonev. Mills, supra, 2 Conn. L. Rptr. 636 (immunity may not apply for failure to use an audible warning signal as mandated by General Statutes § 14-283 (c))
As previously stated, once the chase begins, the officer must abide by certain rules; see Boone v. Mills, supra,2 Conn. L. Rptr. 636; some of those rules may be ministerial in nature. Because the officers are not immune from liability for ministerial acts, liability may attach for a negligently performed ministerial act.
Whether the act complained of is discretionary or ministerial is a factual question which depends upon the nature of the act complained of. Romano v. City of Derby, 42 Conn. App. 624, 628,681 A.2d 387 (1996).
In the present case, the complaint alleges, inter alia, that Fairfield police officers operated their emergency vehicle in disregard for the safety of other persons in violation of established police policy enacted pursuant to General Statutes § 14-283a[1] and General Statutes § 14-283 (b)[2] and (d).[3] (See Plaintiffs' Third Amended Complaint, First Count, ¶ 16.) Although the police officers' decision to chase a suspect may properly be viewed as an act involving the use of discretion, violations of well established driving laws and police procedures may be ministerial in nature if these violations did not involve the use of the officers' discretion. See Letowt v. Norwalk, 41 Conn. Sup. 402, 579 A.2d 601 (1989). Viewing the facts in a light most favorable to the plaintiffs, it is clear that material issues of fact exist regarding the nature of the acts as alleged, i.e., whether the town or any of its police officers were negligent in the performance of any ministerial acts. Accordingly, he court cannot presently conclude that the town is entitled to judgment as a matter of law. SeeLetowt v. Norwalk, supra, 41 Conn. Sup. 402; Santiago v. NewBritain, 42 Conn. Sup. 22, 25, 598 A.2d 373 (1991) (denying defendants' motion to strike in part because it was not apparent on the face of the complaint "whether the police officers' allegedly negligent high-speed chase was a ministerial or discretionary act."). Consequently, the defendant's motion for summary judgment must be denied.
CT Page 16815
 B. General Statutes § 7-465
The town next argues that summary judgment should be granted because the plaintiffs' complaint fails to satisfy the statutory requirements of General Statutes § 7-465. Specifically, the town argues that a municipality is required to indemnify its employees only in circumstances where individual municipal employees have been identified and sued. See General Statutes § 7-465. Notably, the town argues that the plaintiffs fail to identify, name and sue the police officers who were allegedly involved in the high speed pursuit. The town further argues that the plaintiffs fail to allege that they were identifiable persons subject to imminent harm or that the unnamed Fairfield police officers were the proximate cause of their injuries.
The plaintiffs argue that contrary to the town's assertions, the Fairfield police officers who were involved in the high speed pursuit are identifiable because they participated in an event at a fixed location and at a fixed time. Therefore, the unnamed officers were on notice based upon the pendency of this action.
General Statutes § 7-465 (a) provides in relevant part that a municipality
 "shall pay on behalf of any employee of such municipality . . . all sums which such employees becomes obligated by law for damages awarded . . . for physical damages to person or property . . . if the employee, at the time of the occurrence, accident, physical injury or damage complained of, was acting in the performance of his duties and within the scope of his employment . . ."
The Supreme Court has stated that § 7-465 (a) has "effectively circumvented the general common law immunity of municipalities from vicarious liability for their employees' acts by permitting injured plaintiffs to seek indemnification from a municipal employer for such acts under certain circumstances and after conformance with certain statutory requirements." Sanzonev. Board of Police Commissioners, 219 Conn. 179, 193,592 A.2d 912 (1991).
A plaintiff bringing suit under General Statutes § 7-465
first must allege in a separate count and prove the employee's
duty to the individual injured and the breach thereof. Only then CT Page 16816 may the plaintiff go on to allege and prove the town's liability by indemnification. Wu v. Fairfield, 204 Conn. 435, 438,528 A.2d 364 (1987). While § 7-465 provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment, it is quite clear that the municipality does not assume the liability in the first instance. The municipality's liability is derivative." Kaye v. Manchester,20 Conn. App. 439, 443-44, 568 A.2d 459 (1990). Moreover, "[t]he. clear language of § 7-465 (a) . . . indicates that only individuals and not entire boards are considered to be employees under this section. Id. at 446.
The parties do not dispute that the plaintiffs have failed to identify, name and sue the police officers alleged to have been involved in the high speed pursuit. Indeed, the affidavit of service indicates that the chief of police, on behalf of the Fairfield police department, was served with process, not the police officers who were involved in the high speed pursuit. (See Affidavit of Service dated April 18, 1995.) As a precondition to an action for indemnification, under General Statutes §7-465, the plaintiffs are required to first allege and prove, in a separate count, the municipal employee's duty and breach thereof. See Wu v. Fairfield, supra, 204 Conn. 438. The failure of the plaintiffs to identify and sue the appropriate Fairfield police officers is therefore fatal to their claim for indemnification under § 7-465. See Kaye v. Manchester, supra,20 Conn. App. 446.
Moreover, the plaintiffs' position that they have satisfied the statutory indemnification requirements because the pursuit occurred at a fixed time and location is without merit. The plaintiffs commenced this action in April of 1995, and thus have had sufficient time to identify and commence an action against the Fairfield police officers who were allegedly involved in the high speed pursuit. Indeed, during the pendency of their case, the plaintiffs have requested and received information from the defendant city of Norwalk regarding the incident, culminating in the commencement of an action against two Norwalk police officers alleged to have been involved in the pursuit. (See Plaintiffs' Third Amended Complaint dated November 2, 1995, Counts Six and Seven.) Furthermore, the plaintiffs have not provided this court with any reason for their inability to identify and sue the Fairfield police officers.
Therefore, because the statutory requirements have not been CT Page 16817 satisfied, the plaintiffs are barred from maintaining an action for indemnification against the town pursuant to General Statutes § 7-465. Accordingly, the town's motion for summary judgment as to that portion of the plaintiff's complaint that alleges liability under General Statutes § 7-465 is granted.
 CONCLUSION
Based upon the foregoing, summary judgment is granted as to that portion of the complaint that relates to the town of Fairfield pursuant to General Statutes § 7-465; summary judgment is denied as to that portion of the complaint that relates to General Statutes § 52-557n.
MELVILLE, J.