[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs Edith Seibold and Gail Puterbaugh brought this action for injuries sustained on October 26, 1996 when bleachers collapsed at the New Milford high school. The defendants Peter Staye and Raymond Avery move for summary judgment to enter in their favor on the grounds that the action is barred as a matter of law.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Alvarez v. New Haven Register,Inc., 249 Conn. 709, 714 (1999); Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24 (1999); Orkney v. Hanover Ins. Co., 248 Conn. 195,201 (1999). A "material" fact is one which will make a difference in the outcome of the case. Morascini v. Commissioner of Public Safety,236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431, 433
(1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowlingv. Kielak, 160 Conn. 14, 16 (1970). Dorazio v. M.B. Foster Electric Co.,157 Conn. 226, 228 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 781 (1991).
The following facts are not in dispute and are reflected in the pleadings in this file and related litigation. The plaintiffs first brought an action based on the October 26, 1996 incident on October 6, 1998, against the town of New Milford Board of Education and the town of New Milford. On January 6, 2000, the court granted summary judgment in the defendant's favor in that action. Seibold, et al v. Town of NewMilford Board of Education, et al, Superior Court, judicial district of Litchfield, docket no. 78042. (1/6/00) (Frazzini, J.). On July 19, 2000 this action was brought against Staye as head of the department of facilities for the town of New Milford and Avery as superintendent of the town of New Milford Board of Education.[1]
CT Page 1915
In the instant complaint, counts one and three are directed against Staye alleging that he was responsible for maintaining the bleachers and failed to maintain, inspect or warn as to the defective condition of the bleachers. Both counts allege compliance with General Statutes §10-235. Counts two and four are detected against Avery alleging similar duties and liabilities and alleging compliance with General Statutes § 7-101a. All counts cite General Statutes § 52-592.
The essence of the defendant's motion is that this action is time barred.[2] They based this on the law expressed in Kaye v. Manchester,20 Conn. App. 439 (1990) and the interpretation of General Statutes § 52-592 in Vessichio v. Hollenbeck, 18 Conn. App. 515 (1989).
In Kaye v. Manchester, supra, the Appellate Court addressed a fact pattern similar to this case. There the plaintiff had brought suit against the town and board of education without naming individual employees. In finding that the amended complaint adding the individual employees did not relate back to the original suit and was therefore time barred, the court noted,
 The plaintiff's original complaint, in order to comport with § 7-465, must have necessarily claimed liability on the part of Seader individually and indemnity therefor by his municipal employer. While § 7-465 provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment . . . it is quite clear that the municipality does not assume the liability in the first instance.
(Citations omitted.) Id, 443-44.
Because the individual employees were not originally named, and the statute of limitations had expired prior to the amended complaint adding those individuals, the amended complaint was barred by the statute of limitations. Similarly, here, neither Staye nor Avery was named in the first action. By the time the plaintiffs brought this action on July 19, 2000 over four years had passed since the incident in October 26, 1996. The action is time barred as to these defendants.
The plaintiffs argue in their opposition papers that General Statutes § 52-592 saves this action from being time barred. That statute provides in pertinent part, CT Page 1916
 If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; of if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff; or, if the plaintiff is dead and the action by law services, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
No suit was brought against these defendants within two years of the incident. See General Statutes § 52-584. Accordingly, this action was not "commenced within the time limited by law" as required by § 52-592. Under Vessichio v. Hollenbeck, supra, 18 Conn. App. 519, because the plaintiffs must satisfy all the criteria in § 52-592 in order to prevail, this action is not saved by § 52-592.
The defendants are entitled to judgment as a matter of law because the plaintiffs' action against them is barred by the statute of limitations.
Judgment may enter accordingly.
DiPentima, J.