[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO ATR REPORT
This suit arises out of personal injuries allegedly sustained by the fifteen year old plaintiff when he was bitten by a City of Bridgeport police dog. At all times since this suit was brought in September of 1996, there has been only one complaint and only one named defendant, the City of Bridgeport ("City"). No reference is made anywhere in the complaint to the identity of the officer handling the dog at the time of the incident. The complaint is brought in four (4) counts. The first count is brought under Connecticut General Statute § 22-357, the dog CT Page 10600 bite statute; the second count is brought under Connecticut General Statute § 7-465, known as the municipal employee indemnification statute; the third count is brought in common law negligence; the fourth count is brought under the same municipal indemnification statute and alleges the City is bound to indemnify its "agents, servants and/or employees" for their negligence as asserted in Count Three.
The complaint attached a copy of the Notice of Intent to Sue provided the City Clerk; nowhere therein is the police handler of the dog at the time of the incident identified. The City, in its Answer, alleged four (4) special defenses; the fourth special defense asserts sovereign immunity — which the plaintiffs have denied in their Reply.
The matter was heard over three (3) days in 1999 and 2000 by an Attorney Trial Referee who, on March 14, 2001, issued his findings of fact and decision. The Attorney Trial Referee dismissed Count One of the plaintiffs' complaint in reliance upon Tyron v. Town of North Branford,58 Conn. App. 702 (2000), which held that our dog bite statute does not abrogate governmental immunity. Id., at 722. Likewise, Count Two was dismissed because the plaintiff had failed to identify any city employee as the owner or keeper of the dog[1] and because a municipality does not become liable under Connecticut General Statute § 7-465 unless a city employee becomes obligated to pay damages. Kaye v. Manchester,20 Conn. App. 439 (1990). He concluded the failure to name a City employee as an individual defendant meant no city employee could be found liable and, thus, there was no obligation for the City to pay indemnification[2] (Finding of Fact no. 14, p. 4 of ATR report.). The Attorney Trial Referee, however, found the City liable in negligence under Count Three (Finding of Fact no. 15.). He found the officer was performing a discretionary action — the handling of the dog (Finding of Fact no. 16.) and he also found an exception to the doctrine of governmental immunity applied — namely, that the plaintiff was an identifiable person subject to imminent harm (Finding of Fact no. 19.). Despite these findings, the Attorney Trial Referee dismissed Count Four seeking indemnification from the city under that negligence theory for the same reason Count Two was dismissed — specifically, for the failure to identify an officer for whom the City would then be obligated to pay if that officer were found negligent (Finding of Fact no. 14.).
On March 28, 2001, the defendant objected to the ATR's finding the City could be held negligent without doing so through one of its employees. Over three months later; on July 5, 2002, the plaintiff moved for acceptance of the ATR report. The plaintiff first argues the objection should be overruled for the defendant's failure to attach a transcript of the evidence as required by Practice Book § 19-14. The availability of the transcript would not, however, address the apparent inconsistency CT Page 10601 in the ATR's findings. Count Three asserts a common law action in negligence against the "City of Bridgeport Police Department" for the failure to control or restrain a dog named "Ears" and/or for failure to train or supervise the handler of "Ears." The Notice of Intent to Sue attached to the complaint and served only upon the City Clerk identifies "Ears" as a "police dog." No notice that the Police Department or any individual officer was being sued was provided the City Clerk and neither the department nor any individual officer is named on the summons. The Notice concludes, "Therefore under Connecticut General Statute Section7-465 and 22-357, Courtney Figueroa hereby gives notice that he intends to bring a claim against the City of Bridgeport." As above stated, §7-465 is the municipal employee indemnification statute; Connecticut General Statute § 22-357 is the dog bite statute. The ATR makes no finding with regard to the dog identified in the complaint as "Ears" nor is "Ears" ever referenced in the report. The ATR report consistently references a dog named "Aris"; it makes no finding regarding the identity of the handler of "Ears" but does find the handler of "Aris" at the time this bite occurred was one Officer Mercado (Finding of Fact no. 7.). Despite the existence of multiple police reports with regard to this incident, one of which reports was made by Officer Mercado himself, at no time — much less within the period of limitations — was the complaint ever amended to name Mercado as a party and, thus, there has never been notice to him of a claim being made against him. Nor has there been any notice to the City of Bridgeport of a claim against Mercado; this is especially true since the only dog named in the complaint was "Ears" and there is no finding Mercado was also the handler of "Ears"[3]
when this dog bite occurred; thus, it cannot be said the City was ever put on notice it could be found liable in negligence on Count Three for reasons of Mercado's negligence in the handling of the dog named Aris or that it would, under Count Four, be liable as indemnitor of Mercado for the negligence claim in Count Three (which names neither Mercado nor Aris). Though the plaintiff does not advance an argument before this court (nor evidently did he advance it before the ATR since the ATR made no finding in this regard) that the police department was an "employee" within the meaning of Connecticut General Statute § 7-465 (a), the clear language of that statute precludes such finding. Kaye v.Manchester, 20 Conn. App. 439, 446 (1990). Count Four is brought only under the indemnification statute and that count incorporates all of the nine (9) paragraphs of Count Three, adding only a paragraph asserting the City's need to indemnify under the referenced statute. Count Four, therefore, relates back to Count Three. If the City is not bound to indemnify in Count Two for the reason appropriately identified by the ATR, how then can the Police Department, which is not an "employee" under § 7-465 and which is not named in the summons as a party defendant and has never been served with process, be liable under Count Three? CT Page 10602
Our Appellate Court has found that, under certain circumstances, the City can be required to indemnify employees not specifically made a party defendant and not personally served. In Spears v. Garcia, 66 Conn. App. 669
(2001),[4] the Court concluded the plaintiffs could rely on Connecticut General Statute § 52-557n to bring a direct cause of action in negligence against a municipality. In the instant case, however, the plaintiff did not rely on that statute in its complaint and did not argue that statute to this court. The ATR notes, in Finding of Fact no. 18, that, while that statute provides limited immunity for a municipality's negligent acts requiring the exercise of judgment or discretion, a municipality may nevertheless be held liable where its actions subject an identifiable person to imminent harm.[5] As the ATR points out, however, in footnote 1 of his decision, nothing in § 52-557n (a) specifically provides that the exceptions to immunity granted therein apply to municipalities under circumstances where no employee, officer, or agent is named a party defendant. The ATR notes the absence of precedential authority in stating the question will remain unsettled until explicitly addressed by a higher court.[6] This case is therefore also unlike Spears in that here the plaintiff, in Count Three, alleges a common law cause of action in negligence against the city and a party neither named in the summons nor served with process (specifically, the Police Department) and, in Count Four, asserts the City is obligated to indemnify under § 7-465 for the negligence of an employee-officer and/or Police Department, neither of which was sued and the latter of which is not an "employee" under that statute. See Kaye, supra, at 446. In neither its original nor its Amended Complaint did the Spears
plaintiffs premise the town's liability on Connecticut General Statute § 7-465.
"To invoke Connecticut General Statute § 7-465, the plaintiffs first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof (emphasis in original)."Altfeter v. Naugatuck, 53 Conn. App. 791, 799 (1999), citing Sestito v.Groton, 178 Conn. 520, 527 (1979). "While § 7-465 provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment under certain prescribed conditions, it is quite clear that the municipality does not assume the liability in the first instance." Fraser v. Henninger, 173 Conn. 52, 56 (1977). It is, therefore, not sufficient to find an exception to an employee's limited immunity for discretionary acts lies when the city's liability is premised on Connecticut General Statute § 7-465 and there is a failure to sue a city employee against whom a judgment can enter. There is no authority for that proposition and, thus, there is no authority for finding the City liable under Count Three in negligence when Count Four — appropriately dismissed[7] — relates back to Count Three and when no city "employee" is sued or named in that count. CT Page 10603
The ATR was correct in dismissing Counts One, Two, and Four for the reasons he did but erroneously entered judgment on Count Three. That count is also dismissed and judgment enters for the City on all counts. The objection to the ATR report is sustained.
B.J. SHEEDY, J.