[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO DEFENDANT'S MOTION TO STRIKE FIRST AND SEVENTHCOUNTS
The defendants, New Britain Police Officers David Rohon, Czeslaw Gierotz, Richard Petano and Brian Boccuzzi, and the City of New Britain bring this motion to strike counts one and seven of the plaintiff's November 18, 1996 second revised complaint, which contains seven counts.
The defendants, New Britain Police Officers David Rohon, Czeslaw Gierotz, Richard Petano and Brian Boccuzzi, and the City of New Britain bring this motion to strike counts one and seven of the plaintiff's November 18, 1996 second revised complaint, which contains seven counts.
In the revised complaint, the plaintiff, Michael Guida, alleges the following facts. The plaintiff sustained injuries on December 26, 1994 when the vehicle he was operating, which was proceeding straight through an intersection, was struck by a moving van operated by the defendant, Kamien Kyle.
Kyle was an employee of the defendant, Siracusa Moving 
Storage Company, Inc. (Siracusa), which owned the moving van Kyle was operating at the time of the collision. The CT Page 5351 collision occurred as Kyle was attempting to elude the defendant, Joseph Willis, who was a security guard employed by the defendant, Andrew Santacroce, d/b/a A.J.S. Enterprises, which owned a McDonald's restaurant in New Britain. The defendant, A.J.S. Enterprises, contacted Willis to speak to Kyle regarding minor damage caused to the building housing the restaurant after being struck by the moving van operated by Kyle. When Willis told Kyle that he was going to contact the New Britain Police Department to make an accident report, Kyle fled the scene in the moving van. Willis pursued Kyle in a Chevrolet van.
While pursuing Kyle, the defendant, Willis, contacted the New Britain Police Department and informed them of the progress of the pursuit. Both of the defendants, Kyle and Willis, failed to observe traffic safety by speeding and running both red traffic signals and stop signs as the pursuit continued through the streets of New Britain. Kyle failed to stop for a stop sign at the intersection of Victoria Road and Steele Street in New Britain, and broadsided a motor vehicle operated by the plaintiff. The plaintiff sustained serious injuries.
On November 27, 1996, the defendants filed this motion to strike counts one and seven of the revised complaint, as well as a memorandum of law in support of the motion. The plaintiff filed his objection, accompanied by a memorandum of law, on December 31, 1996. The defendants filed a reply memorandum on January 24, 1997.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Waters v. Autuori, 236 Conn. 820, 825-26, 676 A.2d 357 (1996). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). While the motion to strike admits all facts well pleaded, "[a] motion to strike is properly granted if the complaint alleges mere CT Page 5352 conclusions of law that are unsupported by the facts alleged." Id., 215.
In count one of his revised complaint, the plaintiff claims that the New Britain police officers were negligent in failing to order the defendant, Willis, to cease and desist from following or chasing the defendant, Kyle, after the officers were informed of the pursuit by Willis. The plaintiff also alleges that the dispatch police officers were not properly trained or supervised and that the supervising officers failed to adequately train and supervise their subordinates.
Count one alleges negligence against the other defendants, Willis, A.J.S. Enterprises, Kyle and Siracusa. These allegations are not addressed by the defendants' motion to strike.
In count seven, the plaintiff claims indemnity from New Britain for the negligent acts of New Britain's employees, as alleged in count one, pursuant to General Statutes § 7-465.[1]
The defendants move to strike this count because the claim is derivative of the cause of action alleged in count one and, the defendants argue, since count one fails to state a claim upon which relief may be granted, count seven must also fail.
The defendants move to strike counts one and seven on the ground that the individual defendants, as agents for New Britain, acted in the performance of a discretionary public duty and, therefore, the doctrine of governmental immunity bars the claim.
"Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law. . . ." (Citations omitted.) Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). "[W]hen it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [can] attack the legal sufficiency of the complaint through a motion to strike . . ." (Citations omitted.) Brown v. Branford, 12 Conn. App. 106, 111 n. 3,529 A.2d 743 (1987). See also Hiegl v. Board of Education of NewCT Page 5353Canaan, 218 Conn. 1, 8-9, 587 A.2d 423 (1991) (Supreme Court upheld trial court's granting of a motion to strike on the basis of governmental immunity); Kolaniak v. Board ofEducation of Bridgeport, 28 Conn. App. 277, 279, 610 A.2d 193
(1992) (Connecticut appellate courts previously approved practice of deciding the issue of governmental immunity as a matter of law).
In Gordon, the Supreme Court reiterated its adherence to the "public duty doctrine," which furnishes the starting point of a municipal liability analysis. Gordon v. BridgeportHousing Authority, supra, 170. See also Redfearn v. Ennis,28 Conn. App. 398, 401, 610 A.2d 1338 (1992). "In the application of [the public duty doctrine], the problem is always to determine whether the [action] involved does create a duty to the individual. . . . [I]t appears that the test is this: If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual." Roman v. Stamford,16 Conn. App. 213, 220, 547 A.2d 97 (1988), aff'd, 211 Conn. 396,559 A.2d 710 (1989).
The court finds that the individual defendant police officers in the present case, Rohon, Gierotz, Petano and Boccuzzi, were engaged in the performance of a public duty at the time of the alleged collision, pursuant to General Statutes §§ 14-283[2] and 14-283a.[3] "[A]lthough the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Gordon v. BridgeportHousing Authority, supra, 208 Conn. 170.
"Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. . . . [which] are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . In contrast, `[m]inisterial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Citations omitted; internal CT Page 5354 quotation marks omitted.) Mulligan v. Rioux, 229 Conn. 716,727, 643 A.2d 1226 (1994).
In the present case, in opposition to the defendant's motion, the plaintiff acknowledges that the allegations in his complaint are directed toward acts by the individual police officers stemming from a public duty, which were discretionary in nature. The plaintiff further argues, however, that the defendants cannot claim governmental immunity because their actions fall within the first exception to governmental immunity for discretionary acts.
The more recent Connecticut cases seem to adhere to the theory that once a duty is deemed to be public, "[m]unicipal liability for the breach of a public duty attaches only if the act complained of is a ministerial act or [if] one of the narrow exceptions to discretionary acts . . . applies." (Citations omitted; internal quotation marks omitted.) Romanv. Stamford, supra, 16 Conn. App. 221. Because it is well established in Connecticut that "the operation of a police department is a discretionary governmental function . . ., [and] acts or omissions in connection therewith do not give rise to liability on the part of the municipality;" Gordon v.Bridgeport Housing Authority, supra, 208 Conn. 179; it is the opinion of the court that the facts alleged in count one require, in some measure, an exercise of judgment by the individual municipal police officers. Accordingly, the individual defendant police officers' actions were not ministerial, but discretionary. See Doe v. Nunes, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 463832 (April 15, 1995, Handy, J.) (supervision of police officers is a discretionary duty);McKenney v. Sydoriak, Superior Court, judicial district of Tolland at Rockville, Docket No. 056247 (April 5, 1995, Sferrazza, J., 15 Conn. L. Rptr. 1) (duty by town manager regarding training of municipal police officers with respect to high speed pursuits and method of enforcing municipal policies concerning such pursuits is a public duty and not one owed to individuals and supervision of a police force is discretionary in nature, involving the exercise of judgment, particularly as to what training ought to be pursued, how often such training should take place, and which officers ought to receive the training).
The exceptions to the principal that a municipal employee CT Page 5355 is entitled to immunity from liability for the performance of discretionary acts are: (1) "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . [(2)] where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; . . . and [(3)] where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." Evons v. Andrews, 211 Conn. 501,505, 559 A.2d 1131 (1989); Purzycki v. Town of Fairfield,44 Conn. App. 359, 363, ___ A.2d ___ (1997).
In the present case, the plaintiff urges the court to find that it was apparent that the defendant police officers' failure to order the defendant, Willis, to cease and desist his pursuit of the defendant, Kyle, would likely subject an identifiable person to imminent harm, the first exception to government immunity for a discretionary act. The plaintiff cites Burns v. Board of Education, 228 Conn. 640, 638 A.2d 1
(1994) in support of his position, arguing that this case expanded the reach of the first exception to governmental immunity based on a discretionary act.
In Burns, the plaintiff was injured when he fell on an icy courtyard while attending school. Id., 642. The defendant board of education claimed governmental immunity on the ground that salting and sanding the courtyard was discretionary and did not individually affect the injured student, but, rather, any and all persons at the school. Id., 643. Thus, according to the Burns defendant's argument, the plaintiff was not the only person subject to imminent harm. In reversing the appellate court's decision to uphold the trial court's determination that the doctrine of governmental immunity applied and that the foreseeable victim exception was inapplicable, the Supreme Court found that "[a] duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act. . . ." (Citations omitted; internal quotation marks omitted.) Id., 646.
The plaintiff in the present case argues that the collision in which he was injured involved a danger that was limited to the period of time in which the two vehicles were CT Page 5356 involved in the pursuit and that the potential for a collision was foreseeable by the defendant police officers because neither Willis nor Kyle were observing traffic safety during the pursuit.
The court's rationale in Evons v. Andrews, supra,211 Conn. 505, is more appropriately applied to the present case than is the Burns decision. In Evons, the court stated that "the risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future. The class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of `identifiable persons [.]' . . . Furthermore, the [plaintiff was] not subject to `imminent harm' . . . As we observed in Shore v. Stonington, [187 Conn. 147, 444 A.2d 1379
(1982),] supra, 157, `[t]he adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society'." Evons v. Andrews, supra, 211 Conn. 508. See also Purzycki v. Town of Fairfield, supra, 44 Conn. App. 364-65.
Likewise, the defendant police officers in the present case could not have known that Willis' pursuit of Kyle would lead to harm of identified persons at a specified time. Furthermore, the pursuit, which began at a McDonald's in New Britain, could have ended anywhere, not necessarily in a collision with the plaintiff's vehicle.
In Burns, the court held that "[t]he result of [a] network of statutory and constitutional provisions is that the superintendent of schools bears the responsibility for failing to act to prevent the risk of imminent harm to school children as an identifiable class of beneficiaries of his statutory duty of care." Burns v. Board of Education, supra,228 Conn. 649. In the present case, the plaintiff argues that General Statutes § 14-283a requires a municipality to adopt a policy on vehicular pursuits precisely because such pursuits are dangerous. In his complaint, however, the plaintiff pleads that it was the defendant, Willis, rather than the defendant police officers, who owed him a duty pursuant to General Statutes § 14-283a. (Second Amended Complaint, paragraph 40 (g).) The plaintiff alleges that the defendant, Willis, a private security guard, had a duty to follow General Statutes § 14-283a. The plaintiff does not, however, make such an allegation against the defendant police officers. The CT Page 5357 plaintiff, therefore, failed to plead a statutory duty the police officers allegedly owed him.
The court finds that the alleged actions of the individual defendant police officers, Rohon, Gierotz, Petano and Boccuzzi, do not fall into one of the three exceptions to the principal that a municipal employee is entitled to immunity from liability for the performance of discretionary acts. See Evons v. Andrews, supra, 211 Conn. 505; Purzycki v.Town of Fairfield, supra, 44 Conn. App. 363. Accordingly, the defendants' motion to strike count one of the plaintiff's second amended complaint is granted on the ground of governmental immunity.
"A plaintiff bringing suit under General Statutes § 7-465
first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." Wu v. Fairfield,204 Conn. 435, 438, 528 A.2d 364 (1979). The municipality's liability is derived from the liability of its employee. Kaye v.Manchester, 20 Conn. App. 439, 443-44, 568 A.2d 459 (1990). "Thus, in a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." Wu v.Fairfield, supra, 204 Conn. 438.
Accordingly, since the court has granted the individual defendant police officers' motion to strike count one, the motion is also granted as to count seven against New Britain for indemnification. See Kaye v. Manchester, supra,20 Conn. App. 443-44 (municipality's liability is derived from the liability of its employee).
Robert J. Hale Judge Trial Referee