[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Michael P. Russo, individually and on behalf of his minor son, Michael Evan Russo, has sued the Town of Greenwich, the Greenwich Board of Education, Robert Mata, Eileen O'Toole, Claudia Albert, and John A. Whritner. The action arises out of injuries allegedly incurred by the plaintiff, Michael Evan Russo, while participating in the New Lebanon School's physical education class.
The defendants filed a motion to strike the third. fifth, and sixth counts of the plaintiffs' revised complaint. The third count alleges negligence directly against the Greenwich Board of Education (Board). The fifth count alleges nuisance against the Board, and the sixth count alleges nuisance against the Town of Greenwich (Town). The defendants move to strike on the ground that these counts are legally insufficient.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "[The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Parsons v. United Technologies Corp., 240 Conn. 66, 68,700 A.2d 655 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,supra, 240 Conn. 580.
 Negligence
The defendants argue that the third count, which alleges negligence directly against the Board, should be stricken claiming that governmental immunity shields the Board from such a claim because governmental immunity can only be abrogated for the statutory indemnification of its employees under General Statutes § 10-235.
The plaintiffs first argue that the Board can be held liable for negligence pursuant to General Statutes § 52-577n(a)(1)(A) CT Page 1908 and § 10-235 relying on Burns v. Board of Education,228 Conn. 640, 638 A.2d 1 (1994), for the proposition that the doctrine of governmental immunity does not apply where the injured plaintiff belongs to a class of foreseeable victims to whom the superintendent owes a duty of protection when the parents are statutorily required to relinquish protective custody of their children to a school board and its employees. Further, the plaintiffs rely on Rosen v. Reale, Superior Court, judicial district of New London at New London, Docket No. 527510 (January 24, 1996 (Hurley, J.), for the proposition that children injured while at school fall within the identifiable person subject to the imminent harm exception to the defense of governmental immunity.
"Local boards of education . . . are agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the municipality's limits." R.A.Civitello Co. v. New Haven, 6 Conn. App. 212. 218, 505 A.2d 1277
(1986). "The duty to supervise students is performed for the benefit of the municipality." Purzcycki v. Fairfield,244 Conn. 101, 112 (1998).
"A board of education can be held liable for negligence pursuant to General Statutes 52-557n(a)(1)(A), which permits a direct action against such a board for the negligence of its employees, unless the employees are exercising judgment or discretion." Bongiovanni v. Board of Education, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 110243, 11 CONN. L. RPTR. 430 (April 29, 1994) (Lewis, J.) (9 CSCR 617).[1]
The defendants' argument that there is no authority for a direct negligence action against the Board is without merit. As discussed above, the plaintiffs may bring a direct action against the Board for the negligence of its employees pursuant to General Statutes § 52-557n(a)(1)(A). Accordingly, the defendants' motion to strike the third count is denied.
 Nuisance
The defendants also argue that the fifth and sixth counts, which allege nuisance against the Board and the Town respectively. should be stricken because the plaintiffs have not sufficiently alleged all of the elements for a public nuisance CT Page 1909 claim, namely. the plaintiffs have not alleged that the injured plaintiff was in the exercise of a public right at the time he was injured
The plaintiffs counter by citing White v. Adams, Superior Court, judicial district of Litchfield, Docket No. 058710 (April 8, 1992) (Dranginis. J.) (7 CSCR 520), for the proposition that a plaintiff can sufficiently raise a public nuisance claim by alleging facts demonstrating that the conditions complained of interfered with a right common to the general public. Furthermore, the plaintiffs argue that the facts alleged in the revised complaint demonstrate that the dangerous conditions in the physical education class interfered with an interest common to the general public.
"There are two types of nuisance: public and private. A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. In the modern authorities [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure." (Internal quotation marks omitted.)Couture v. Board of Education, 6 Conn. App. 309, 314, 505 A.2d 432
(1986). "In contrast. [n]uisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public. 39 Am. Jur. 286 . . . [I]f the annoyance is one that is common to the public generally, then it is a public nuisance . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its fights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence." (Internal quotation marks omitted.) Id.. 314-15. "A public nuisance exists if: (1) the condition complained of has a natural tendency to create danger and inflict injury upon person or property; (2) the danger created is a continuing one; (3) the use of the land is unreasonable or unlawful; and (4) the condition or conduct complained of interferes with a fight common to the general public." Keeney v.Old Saybrook, 237 Conn. 135, 162-63, 676 A.2d 795 (1996).
"[L]iability can be imposed on the municipality only in the event that, if the condition constitute[s] a nuisance, it was created by some positive act of the municipality." (Internal quotation marks omitted.) Keeney v. Old Saybrook, supra,
CT Page 1910237 Conn. 164. "[F]ailure to remedy a condition not of the municipality's own making is not the equivalent of the required positive act in imposing liability in nuisance upon a municipality." Id.
Here, the facts do not support an action for private nuisance because the plaintiffs have not alleged ownership of an interest in land. In order to prevail on a public nuisance claim, the plaintiffs must allege facts demonstrating that the condition or conduct complained of interfered with a right common to the general public. The complaint alleges that Michael Evan Russo sustained injury when he fell from gymnastic rings while participating in the school's physical education class. The complaint describes the allegedly negligent conduct of the two physical education teachers. Further, the complaint details the allegedly dangerous conditions of the gymnastic rings and the area underneath the rings.
The plaintiffs do not allege that the injured plaintiff was in the exercise of a public fight when he was injured. Furthermore, the exercise of a public right cannot be inferred from the facts. The plaintiffs say that the facts demonstrate that Michael Evan Russo was exercising a right he held "as a member of the general public as a student in the public school system." To recover under a nuisance claim for an injury occurring during public school physical education class, the plaintiff must show that the harmful condition had a tendency to create danger upon members of the general public, not just members of the public school system. See Brownlee v. Town ofNewtown, Superior Court, judicial district of Danbury, Docket No. 305340 (January 24, 1992) (Fuller, J.).[2]
Here, the facts do not show that the condition of the gymnastic rings had a tendency to create danger and inflict injury upon members of the public. More importantly, the complaint does not allege that the general public had access to the gymnastic rings. The sixth count, alleging nuisance against the Town, contains the same allegations as the fifth count, which alleges a nuisance claim against the Board. Accordingly, both the fifth and sixth counts of the revised complaint are stricken.
In summary, the defendants' motion to strike the third count is denied and the defendants' motion to strike the fifth and sixth counts is granted. CT Page 1911
D'ANDREA, J.