[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT
The two plaintiffs here seek damages against the Town of New Milford and its Board of Education for damages the plaintiffs incurred when bleachers where they were sitting at the New Milford High School collapsed on October 26, 1996. The plaintiffs claim that their injuries were caused by the negligence and carelessness of defendants, their employees and agents. The defendants have moved for summary judgment on the grounds that "plaintiffs have failed to join individual defendants for whom reimbursement and indemnification could be made under C.G.S. §§7-465 and 10-235." For the reasons stated below, the court grants the motion for summary judgment.
The plaintiffs' four-count complaint alleges various acts and omissions of negligence on the part of the defendants that caused their damages. Each count then ends with a virtually verbatim allegation that "certified notice was provided to the Defendant . . . in compliance with [§ 7-465[1] and §10-235[2]]. . . ." The only significant differences between the concluding paragraph of each count are the name of the defendant sued and the statute being relied upon. The two statutes cited in the complaint, are both indemnification and reimbursement statutes that derive from the common-law doctrine of municipal immunity.
Historically municipalities were immune from liability in tort, but municipal employees could be held personally liable for their own tortious conduct. Sections 7-465 and 10-235 stand with that group of statutes that the legislature has enacted "to furnish some relief for injustice that would otherwise attend our well-established doctrine of sovereign municipal immunity. Absent such a statute, claimants injured by the misconduct of municipal officers and employees acting in the course of their official duties would be limited to the recourse against individual tortfeasors." (Internal citations omitted.) Norwich v.Silverberg, 200 Conn. 367, 374, 511 A.2d 336 (1986) (referring to CT Page 245 General Statutes § 7-101a). As a result of these statutes, injured parties may be assured that the financial resources of a municipality or municipal board of education will be available to satisfy any damage claims awarded because of injuries caused by the negligence of a municipal or board employee; and employees may rely on the town or board of education to satisfy any judgment and pay legal fees rather than having to use their own financial resources to do so.
The two statutes operate differently. The language of § 7-465
expressly waives municipal immunity for actions brought jointly against individual and municipal plaintiffs. A complaint brought under § 7-465 must be in two counts, one alleging facts essential to legal liability of the employee, and the other averring facts essential to legal liability of the municipality. Martyn v.Donlin, 148 Conn. 27, 166 A.2d 856 (1961). A municipality may not be held liable under § 7-465 unless the employee becomes obligated to pay for damages. Id. Thus, in Kaye v. Manchester,20 Conn. App. 439, 568 A.2d 459 (1990), the court upheld an award of summary judgment against a plaintiff who had sued the town of Manchester and its board of education for injuries sustained in a fall on a public sidewalk but had not named any individual defendant: "While section 7-235 provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment . . . it is quite clear that the municipality does not assume the liability in the first instance. The municipality's liability is derivative." (Internal citations and quotations omitted.) Id. at 444.
Section 10-235 does not contain similar language expressly authorizing injured parties to bring a direct action against a board of education. There is a split of authority in the Superior Court over the question whether individual injured parties have a direct cause of action under § 10-235 against a board of education,[3] and neither the Appellate Court nor the Supreme Court has addressed this issue directly. In the cases allowing injured parties to bring a case directly against the board of education, however, the plaintiffs had also sued the individual employee. See, e.g., Deleon v. Hartford Board of Education, judicial district of Hartford, No. CV 960566449 (Apr. 15, 1997)1997 Ct. Sup. 3742 (Wagner, J.T.R.).
The plaintiffs here have not sued any individual employees of the town or board in their individual capacities. Both section7-465 and section 10-235 are, as defendants correctly assert, CT Page 246 solely indemnification statutes that do not create a right of action against the town or board without a cause of action against an individual employee of that town. Since plaintiffs did not sue any individual employee, neither the Town nor the Board may be found liable.
A court will grant summary judgment if, viewing the evidence in the light most favorable to the non-moving party, Elliot v.Waterbury, 245 Conn. App. 385, 715 A.2d 27 (1998), there is no genuine issue of material fact and the moving party would be entitled to a directed verdict on those facts. Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982). Although plaintiffs assert that the complaint and answer raise questions of fact that require the court to deny summary judgment, there are no material issues in dispute. A material fact is one that will make a difference in the result of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. New Britain GeneralHospital, 239 Conn. 564, 582, 687 A.2d 111 (1996). A party opposing summary judgment, however. "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of] a motion for summary judgment." (Citations omitted; internal quotations marks omitted.) Water WayProperties v. Colt's Mfg. Co., 230 Conn. 660, 664-65,646 A.2d 143 (1994). A court should grant summary judgment "if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. None of the facts in dispute here are material to resolving the question before the court.
The plaintiffs also claim that they can cure their failure to join individual employees as defendants by doing so now. Despite that assertion, however, they have not vet sought to do so. As the defendants correctly point out, moreover, an amendment adding additional defendants now would not, for statute of limitations purposes, relate back to the filing of the original complaint, as any individual defendants added now would not have had notice during the period limitations that they were being sued in their individual capacity. See Kaye v. Manchester, 20 Conn. App. 439, CT Page 247 443 568 A.2d 459 (1990): "Seader was not a party to the original complaint, and he was not on notice that he was being sued individually. We conclude that the amended complaint did not relate back to the date of the original complaint, and, therefore, the amended claim was barred by the statute of limitations."
The defendants did not, contrary to the plaintiffs' assertions, waive their right to claim the defense raised in the motion for summary judgment by engaging in discovery or answering the factual allegations of the complaint. They filed this motion for summary judgment in proper order as provided by the practice book and in accordance with the scheduling order in this case.
Accordingly, the defendants' motions for summary judgment are granted as to all counts.
SO ORDERED.
BY THE COURT
Stephen F. Frazzini, Judge of the Superior Court