[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE #103
The plaintiff, Anthony D'Alessio, commenced this action through his mother and next friend Sharon D'Alessio, against the defendants, the town of Ansonia (town), Ansonia board of education, and individual board employees, Tern Goldson, Gerald Matusovich and Douglas Rudig, to recover for injuries he allegedly sustained when he was struck in the head with a rock thrown by another student at the Ansonia Middle School.
On August 10, 2000, the town and the board of education (board) filed a motion to strike that portion of the plaintiff's complaint that asserts claims against them for failure to state claims upon which relief can be granted.[1]
 A General Statutes § 10-235
The board moves to strike that portion of the complaint that asserts claims pursuant to General Statutes § 10-235, on the ground that it is solely an indemnification statute and does not permit a direct cause of action against a board of education. The board argues that despite a split of authority in the Superior Court, the majority of decisions have held that there is no direct cause of action under § 10-235.
Plaintiff argues that until the appellate courts address the issue of whether § 10-235 permits a direct cause of action, the claims against CT Page 12536 the board are legally sufficient.
Under § 10-235, "the legislature intended to make indemnification available to a board of education employee for losses sustained from claims or suits for damages, injunctive relief or both, resulting from any act of the employee performed in the discharge of his or her duties or within the scope of employment or under the direction of such board." (Internal quotation marks omitted.) King v. Board of Education,203 Conn. 324, 32G, 524 A.2d 1131 (1987). "[General Statutes § 17-465 and [§] 10-225 stand with that group of statutes that the legislature has enacted to furnish some relief for injustice that would otherwise attend our well-established doctrine of sovereign municipal immunity. Absent such a statute, claimants injured by the misconduct of municipal officers and employees acting in the course of their official duties would be limited to the recourse against individual tortfeasors." Seiboldv. New Milford, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 078042 (January 6, 2000, Frazzini, J.)
"There is a split of authority in the Superior Court over the question whether individual injured parties have a direct cause of action under § 10-235 against a board of education, and neither the Appellate Court nor the Supreme Court has addressed the issue directly." Ibid. However, the majority of Superior Court decisions have held that §10-235 is solely an indemnification statute and does not permit a direct action against a board of education. See Dube v. Bye, Superior Court, judicial district of New Haven at New Haven, Docket No. 418259 (December 13, 1999, Zoarski, J.T.R.); see also Seibold v. New Milford, supra; Coupev. East Hartford Board of Education, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 568125 (February 17, 1998, Aurigemma, J.); Ambrose v. Singe, Superior Court, judicial district of Danbury, Docket No. 320896 (June 10, 1997, Stodolink, J.) (19 Conn. L. Rptr. 639).
This court adopts the rulings of the large majority of the Superior Court decisions and holds that § 10-235 does not provide a direct cause of action. Therefore, the motion to strike these portions of plaintiff's complaint that assert claims against the board pursuant to § 10-235 is granted. (There are, as noted, other claims against the board, see infra.)
 B Governmental Immunity
The town and the board move to strike that portion of the plaintiff's complaint that assert claims against them pursuant to § 7-465, on the CT Page 12537 ground that their liability is limited by the doctrine of governmental immunity. They argue that the supervision and discipline of students is a public act and that daily disciplinary decisions are discretionary because there is no prescribed manner for supervising and disciplining students.
Plaintiff argues that a municipality is not entitled to governmental immunity in the performance of a discretionary act where the circumstances make it apparent that an identifiable person may be subject to imminent harm. Moreover, the plaintiff argues that the acts or omissions complained of may have been ministerial rather than discretionary in nature and, therefore, governmental immunity may not apply.
"Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortious conduct. . . . The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] municipal employee . . . has a qualified immunity in the performance of governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." (Citations omitted; internal quotation marks omitted.) Purzycki v.Fairfield, 244 Conn. 101, 107, 708 A.2d 937 (1998) . . . "Whether the act complained of . . . is [discretionary] or ministerial is a factual question which depends upon the nature of the act complained of." (Internal quotation marks omitted.) Romano v. City of Derby,42 Conn. App. 624, 629, 681 A.2d 387 (1996)
"The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. (Citations omitted.) Evon v. Andrews, 211 Conn. 501, 505,559 A.2d 1131 (1989). In Purzycki v. Fairfield, 244 Conn. 101, 108-09,708 A.2d 937 (1998), our Supreme Court stated: "We have construed [the imminent harm to an identifiable person] exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims . . . Moreover, we have established specifically that schoolchildren who are statutorily compelled to attend school, during school hours on school days, can be an identifiable class of victims."
CT Page 12538 The only exception to the qualified immunity of a municipal employee for discretionary acts that is relevant to the present case is the exception permitting a tort action in circumstances of likely imminent harm to an identifiable person. See Purzycki v. Fairfield, supra, 108.
"In most cases, governmental immunity must be plead as a special defense, pursuant to Practice Book § 10-50. Where, however, it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike. . . . Notwithstanding the procedural posture of a motion to strike, [the] court has approved the practice of deciding the issue of governmental immunity as a matter of law." (Citation omitted; internal quotation marks omitted.) LaChance v. Waterbury, Superior Court, judicial district of Waterbury, Docket No. 148936 (February 29, 2000, Doherty, J.) However, "where it is not apparent from the allegations of the complaint that the municipality was so engaged, then the defense of governmental immunity should be pleaded." (Citations omitted.) Trzaska v. Hartford,12 Conn. Sup. 301, 302 (1943)
In the present case, plaintiff alleges that the town and the board failed to properly supervise the students at the Ansonia Middle School and to respond to threatened action by the attacking student even though they were aware of the potential danger to him. Plaintiff further alleges that the town and the board failed to warn him of the potential danger and to protect him from the threatened action. Based upon the plaintiff's allegations, the court finds that it is not apparent from the face of the complaint either that the town and the board were engaged in a governmental duty; see Trzaska v. Hartford, supra, 302; or that they are not subject to liability under the imminent harm to an identifiable person exception to the qualified immunity for discretionary acts. SeeEvon v. Andrews, supra, 211 Conn. 505. Therefore, the defense of governmental immunity must be plead as a special defense and the legal sufficiency of the complaint cannot be attacked by a motion to strike. See LaChance v. Waterbury, supra, Superior Court, Docket No. 148936. Accordingly, the motion to strike that portion of the plaintiff's complaint that asserts claims against the town and board pursuant to § 7-465 is denied.
The Court
Nadeau, J.