[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#120)
The plaintiffs, Susan and Jeffrey Goode, brought this action on behalf of themselves individually and on behalf of their minor daughter Jessica Goode (the minor plaintiff), seeking damages for injuries allegedly sustained by the minor plaintiff during a motor vehicle collision. The plaintiffs' revised complaint (complaint) asserts seven counts against the defendants, the town of Wilton and its Superintendent of Schools, David F. Clune, the Wilton Board of Education (Board) and six of its members, Howard A. Sherman, John P. Hickey, Michael A. Slutsky, John C. Benson, Marie Napier and Teddy Sitter, and the coach of the Wilton High School girls varsity soccer team, Paul Baber.[1] Count one sounds in common law negligence and counts two through seven allege statutory violations. CT Page 13875 The defendants move to strike counts one through seven on the grounds that the counts fail to state a claim upon which relief can be granted.[2] The defendants argue that counts one through seven (1) fail to sufficiently allege the existence or breach of any duty owed by the defendants to the plaintiffs; and (2) even if the plaintiffs' allegations sufficiently allege the existence and breach of a duty owed by the defendants, the defendants are shielded from liability under the theory of sovereign or governmental immunity. Therefore, the defendants conclude that all seven counts fail to state claims upon which relief may be granted.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike. . . ." Practice Book § 10-39; see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998).The court "[m]ust construe the complaint in the manner most favorable to sustaining its legal sufficiency. (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523,753 A.2d 927 (2000). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . ." (Citation omitted.) Doe v. YaleUniversity, 252 Conn. 641, 667, 748 A.2d 834 (2000). However, a motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,588, 693 A.2d 293 (1997). Thus, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
Furthermore, "[a] motion to strike is the proper vehicle for resolving the issues of whether a cause of action is barred by governmental immunity and whether an exception to governmental immunity is sufficiently pleaded." Peters v. Town of Greenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 147192 (January 2, 2001, D'Andrea, J.) (28 Conn. L. Rptr. 671); see also Heiglv. Board of Education, 218 Conn. 1, 2-3, 587 A.2d 423 (1991); Evon v.Andrews, 211 Conn. 501, 502-04, 559 A.2d 1131 (1989). When "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." Brown v.Branford, 12 Conn. App. 106, 111 n. 3, 529 A.2d 743 (1987). CT Page 13876
I. Count One — Negligence
The plaintiffs' first count sounds in negligence and alleges the following pertinent facts: At all relevant times, the minor plaintiff was a member of the Wilton High School varsity soccer team. On or about September 22, 1998, the minor plaintiff was injured in an automobile accident while being transported from her school to soccer practice. As a result of the accident, the minor plaintiff sustained severe injuries to her knees and face, suffered facial scarring and is no longer able to play soccer. Said injuries are the result of the negligence of the defendants in that they: (1) failed to provide professional transportation for the members of the soccer team to enable them to travel safely to and from the field at which soccer practice was held; and (2) failed to provide proper supervision of the transportation of soccer team members to and from the practice field.
The defendants argue that duty is a requisite element of any negligence cause of action and the plaintiffs' first count does not set forth any duty owed by the defendants. Therefore, the defendants conclude that the first count must be stricken. In opposition, the plaintiffs argue that the defendants owe a duty of care to ensure the safe transportation of students to and from school sponsored events, including practice sessions of a school's varsity soccer team. The plaintiffs contend that the first count sufficiently alleges this duty owed by the defendants and therefore, the first count sufficiently asserts a negligence claim.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). "The existence of a duty of care is an essential element of negligence." Calderwood v.Bender, 189 Conn. 580, 584, 457 A.2d 313 (1983). "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Burns v. Board of Education,228 Conn. 640, 646, 638 A.2d 1 (1994). However, "[t]he law does not recognize a duty in the air." (Internal quotation marks omitted.) Watersv. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996).
This court finds that the plaintiffs' first count, even when construed in the manner most favorable to sustaining its legal sufficiency, fails to set forth any allegations describing the existence, origin or nature of any duty owed by the defendants to the minor plaintiff. Although the plaintiffs allege that the defendants were negligent, negligence is a legal conclusion that must be supported by the facts alleged. The facts CT Page 13877 alleged, in turn, must reasonably support each of the requisite elements of the cause of action. In this case, although the plaintiffs argue intheir memorandum that the defendants owe a duty of care to ensure the safe transportation of students to and from school sponsored events, the plaintiffs have not alleged any facts or described any circumstances intheir first count from which this court may reasonably infer that the defendants owed such a duty. Accordingly, the defendants' motion to strike the plaintiffs' first count is hereby granted.
II. Count Two — Violation of General Statutes § 10-220 (a):Duty to Minor Plaintiff
The plaintiffs' second count incorporates the allegations contained in the first count and additionally alleges that the defendant Board owed a duty, pursuant to General Statutes § 10-220 (a), to "provide for the transportation of children wherever transportation is reasonable and desirable . . ." (Complaint, count two, ¶ 8.) The plaintiffs further allege that it is both reasonable and desirable for a school board to provide transportation to members of school soccer teams to enable them to travel safely from school to and from their place of practice. Finally, the plaintiffs allege that the defendant Board violated its statutory duty by failing to provide such transportation and as a result of the violation, the minor plaintiff sustained injuries.
The defendants argue that the second count fails to allege any duty owed by the defendant Board to provide transportation after school hours to persons going from school to an extracurricular event. The defendants maintain that the clear purpose of General Statutes § 10-220 (a) is to provide for the transportation of school age children to and from public school, and that the case law, particularly, the case of Waterfordv. Connecticut State Board of Education, 148 Conn. 238, 169 A.2d 891
(1961), has not broadened the scope of the statute to include an obligation to provide transportation for extracurricular events. Alternatively, the defendants argue that even if the plaintiff has sufficiently alleged a duty and breach thereof the defendants are shielded from liability on the basis of sovereign or governmental immunity. The defendants conclude, therefore, that the second count must be stricken as it fails to allege an applicable basis of duty owed by the defendant Board, or alternatively, on the basis of sovereign or governmental immunity.
In opposition, the plaintiffs argue that General Statutes § 10-220
(a) supplies the duty owed by the defendant Board in the second count and that nothing in the language of the statute suggests that the duty it imposes is limited to providing transportation to and from school. Furthermore, the plaintiffs argue that the defendants' reliance on the CT Page 13878Waterford case is misplaced as that case does not support the defendants' arguments. Finally, the plaintiffs argue that municipal defendants are not immune from liability for ministerial acts or certain discretionary acts and that in this case, the defendants' liability arises from an act for which the defendants are not shielded by immunity. Consequently, the plaintiffs maintain that the second count is legally sufficient.
First, this court must determine whether and to what extent General Statutes § 10-220 (a)[3] imposes a duty on the defendant Board. InWaterford v. Connecticut State Board of Education, supra, 148 Conn. 238, the Connecticut Supreme Court examined the legislative history of General Statutes § 10-220 (a), stating: "It is true that the history of the legislation relating to the transportation of school children began with a statute which provided that when any school in a town was discontinued (presumably for lack of a sufficient number of pupils), the town should "furnish, whenever necessary, by transportation or otherwise, school accommodations so that every child [of school age]' could attend some school. Apparently, this legislation was designed, originally, to make schooling available, without the necessity of a child's walking unreasonable distances, to every child required by law to attend school. The distance from the child's home to the school was the sole determining factor on the question of transportation. . . . In 1931, the General Assembly eliminated the permissive power implicit in the words "may provide . . . transportation' which were contained in [the provisions preceding General Statutes § 10-220]. The language in the present statute, 10-220, `. . . shall make such provisions as will enable each child of school age . . . to attend some public day school . . . and provide for the transportation of children wherever transportation is reasonable and desirable . . .,' comprehends not only distance but safety factors." (Ellipses in original.) Id. 242-43. Consequently, theWaterford court concluded that a school board has a duty to provide transportation "if the distance from the pupils' homes to the school or the hazards they may encounter on their way to and from school, or both, make transportation reasonable and desirable. Id., 244.; see alsoRichards v. Planning Zoning Commission, 170 Conn. 318, 324, 365 A.2d 1130
(1976) (stating that pursuant to General Statutes § 10-220, board of education has duty to provide school bus transportation).
This court finds that the duty imposed on a board of education by General Statutes § 10-220 (a) is not necessarily limited to providing for the transportation of children to and from school during school hours. Rather, a board of education owes a duty to provide for the transportation of children wherever the distance or hazards that the children may encounter on their way to and from school, or both, make transportation reasonable and desirable. Waterford v. Connecticut StateBoard of Education, supra, 148 Conn. 244; General Statutes § 10-220
CT Page 13879 (a). Therefore, this court finds that the duty imposed by § 10-220
(a) may extend to providing transportation to children from school to and from school sponsored events scheduled outside of school hours, if such transportation is reasonable and desirable. Accordingly, this court finds that the plaintiffs' second count sufficiently alleges a duty owed by the defendant Board, pursuant to General Statutes § 10-220 (a).
Consequently, this court must determine whether the defendant Board is shielded from liability for an alleged violation of General Statutes § 10-220 (a), by application of the doctrine of sovereign or governmental immunity. The doctrine of sovereign immunity provides that the state is immune from suit unless it consents to be sued. White v.Burns, 213 Conn. 307, 312, 567 A.2d 1195 (1990). It extends to negligence actions against individual state officials and employees acting within the scope of their authority. General Statutes § 4-165; Horton v.Meskill, 172 Conn. 615, 623, 376 A.2d 359 (1977). "[L]ocal boards of education are agents of the state for some purposes and agents of the municipality for others." Purzycki v. Fairfield, 244 Conn. 101, 112,708 A.2d 937 (1998). In Purzycki v. Fairfield, supra. the Connecticut Supreme Court explained that "[t]o determine whether the doctrine of sovereign immunity applies to a local school board, we look to whether the action would operate to control or interfere with the activities of the state." Id. Thus, where a school board's duty is performed for the benefit of the municipality, the doctrine of sovereign immunity is not implicated. Id. (finding that duty to supervise students is performed for benefit of municipality and therefore, doctrine of sovereign immunity did not apply). This court finds that the duty to provide for the transportation of school children is performed for the benefit of the municipality and therefore., the doctrine of sovereign immunity is not implicated in this case.
The doctrine of governmental immunity generally affords municipalities and their employees or agents with immunity from negligence liability for governmental acts involving the exercise of judgment or discretion.Elliot v. Waterbury, 245 Conn. 385, 411, 715 A.2d 27 (1998). In determining whether the doctrine of governmental immunity applies, distinctions between discretionary acts and ministerial acts provide the framework for the court's analysis. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). "Governmental acts I performed wholly for the direct benefit of the public are supervisory or discretionary in nature [M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion . . ." (Internal quotation marks omitted.) Purzycki v. Fairfield, supra, 244 Conn. 107. Thus, "a municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he performs a ministerial act, as opposed to a discretionary act." (Internal quotation CT Page 13880 marks omitted.) Elliot v. Waterbury, supra, 245 Conn. 411; accordPurzycki v. Fairfield, supra, 244 Conn. 107. Where the duty to act involves the exercise of discretion, the negligent failure to act will not give rise to liability unless "one of the narrow exceptions to discretionary acts applies." Gordon v. Bridgeport Housing Authority,
supra, 208 Conn. 167, 170.
Applying the principles stated above to the facts of this case, this court finds that count two of the plaintiffs' complaint alleges a duty on the part of the defendant Board to perform acts involving the exercise of discretion. On its face, General Statutes § 10-220 (a) imposes a duty on a board of education "to provide for the transportation of children wherever transportation is reasonable and desirable." The determination of whether transportation is reasonable and desirable is to be performed by the defendant Board in light of distance and safety factors. Waterfordv. Connecticut State Board of Education, supra, 148 Conn. 242-43. Thus, the analysis of whether and how to provide for the transportation of members of school soccer teams, to enable them to travel safely from school to and from their place of practice, involves the exercise of some judgment and discretion. Consequently, this court finds that the defendant Board, in failing to provide transportation under the circumstances alleged in count two, was carrying out a discretionary, governmental function. Therefore, in order to sustain the legal sufficiency of the second count, the plaintiffs' allegations must fall within one of the recognized exceptions to qualified immunity for discretionary acts.
The courts have recognized three exceptions where "municipalities and their employees or agents can be held liable when performing a discretionary act. They are: "first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." Purzycki v. Fairfield, supra,244 Conn. 108.
The only exception that is relevant to the present case is the first, identifiable person-imminent harm exception.[4] This court finds that the plaintiffs have failed to allege facts sufficient to invoke this exception. Specifically, the plaintiffs have not alleged the circumstances which made apparent to the defendant Board that its failure to act would likely subject an identifiable person to imminent harm. This court notes that the identifiable person-imminent harm exception applies not only to identifiable individuals, but also to narrowly defined CT Page 13881 classes of foreseeable victims. See e.g., Burns v. Board of Education,228 Conn. 640, 646, 638 A.2d 1 (1994) ("We have construed the [identifiable person imminent harm] exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims.") Thus, when viewed in the light most favorable to the plaintiffs, this court finds that the facts alleged in their complaint satisfy the threshold requirement of an alleged identifiable victim because the second counts allege that the minor plaintiff is a member of a narrowly defined identified class, specifically, the class of students participating in the Wilton High School girls soccer program.
In order for the identifiable person-imminent harm exception to apply, however, both prongs of the exception must be satisfied. Satisfaction of the imminent harm prong of the exception to governmental immunity requires allegations of a "foreseeably dangerous condition that is limited in duration and geographical scope." Purzycki v. Fairfield,
supra, 244 Conn. 110; see also Burns v. Board of Education, supra,228 Conn. 650. In this case, the plaintiffs allege that the minor plaintiff and other students participating in the Wilton High School girls soccer program were unsupervised in their transportation to a site that was physically separated from their school. This allegation does not describe the existence of any foreseeable dangerous or hazardous condition that should have alerted the defendant Board that the soccer team's safety was at risk. Consequently, this court finds that the plaintiffs have failed to satisfactorily allege the imminent harm prong of the exception. Accordingly, the defendants' motion to strike the second count on the groung of governmental immunity is hereby granted.
III. Count Three — Negligence: Violation of General Statutes §10-220 (a): Duty to Plaintiffs Susan and Jeffrey Goode
The plaintiffs' third count alleges that "the plaintiffs Susan Goode and Jeffrey Goode have incurred, and continue to incur, medical expenses for the care of [the minor plaintiff] including . . . expenses for doctors, hospitals, medicines, x-rays and therapy," as a "direct result of the negligence of the defendants . . . and of the violation by the [defendant Board] of its statutory duty to provide transportation to public school children. "(Complaint, count three ¶¶ 10-11.) The third count incorporates the negligence allegations contained in the first count, as well as certain allegations contained in the second count pertaining to the duty owed by the defendant Board, pursuant to General Statutes § 10-220 (a), to provide transportation for public school children.
As discussed above, this court has already determined that the plaintiffs' first count fails to set forth any allegations describing the CT Page 13882 existence, origin or nature of any common law duty owed by the various defendants to the minor plaintiff Thus, this court finds that the plaintiffs' third count, which incorporates the first count, similarly fails to include any factual allegations describing the existence, origin or nature of any common law duty owed by the various defendants to plaintiffs Susan and Jeffrey Goode. Furthermore, as discussed above, this court has already determined that the plaintiffs' second count fails to set forth allegations sufficient to invoke the identifiable personimminent harm exception to governmental immunity and consequently, this court found that the second count did not allege a legally sufficient cause of action against the defendant Board. Therefore, this court finds that the plaintiffs' third count, which incorporates the allegations pertaining to the duty owed by the defendant Board pursuant to General Statutes § 10-220 (a), similarly fails to set forth a legally sufficient cause of action on behalf of plaintiffs Susan and Jeffrey Goode against the defendant Board. Consequently, this court finds that the plaintiffs' third count fails to state a claim for which relief may be granted and accordingly, the defendants' motion to strike the third count is hereby granted.
IV. Count Four — General Statutes § 7-465
The plaintiffs' fourth count asserts an indemnity claim on behalf of the minor plaintiff against the defendant town of Wilton, based on the town's obligation under General Statutes § 7-465[5] to indemnify town employees for their negligent acts.[6] Thus, the fourth count incorporates the allegations relating to common law negligence from the first count. Furthermore, the fourth count alleges that on or about March 19, 1999, the plaintiffs provided the defendant town of Wilton with timely notice of their intent to commence this action, as required by statute,[7]
The defendants assert that an action under § 7-465 must be derived from a valid underlying claim against the individual employee. Consequently, the defendants argue that the plaintiffs' indemnity claim pursuant to § 7-465 must be stricken as insufficient because the underlying negligence count (count one) against the various defendant-employees is insufficient. In response, the plaintiffs insist that they have alleged a sufficient statutory cause of action under § 7-465.
"A plaintiff bringing suit under General Statutes § 7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof Only then may the plaintiff go on to allege and prove the town's liability by indemnification . . . This is a personal liability requirement that calls for an inquiry independent CT Page 13883 of the statute itself; an inquiry into the factual matter of individual negligence. . . . Thus, in a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." (Citations omitted; emphasis in original; internal quotation marks omitted.) Wu v. Fairfield,204 Conn. 435, 438, 528 A.2d 364 (1987). "While § 7-465 provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment. . . . [t]he municipality's liability is derivative." (Citations I omitted; internal quotation marks omitted.)Kaye v. Manchester, 20 Conn. App. 439, 443-44, 568 A.2d 459 (1990). See also Peters v. Town of Greenwich, 28 Conn. L. Rptr. 671; Lecy v. City ofNew London, Superior Court, judicial district of New London at New London, Docket No. 549544 (May 2, 2000, Corradino, J.)
(26 Conn. L. Rptr. 607); Elinsky v. Marlene, Superior Court, judicial district of Hartford — New Britain at Hartford, Docket No. 557659 (October 31, 1997, Hale, JTR.).
In light of the above, this court notes that while section 7-465 of the General Statutes explicitly permits an action to be brought against the municipality and its employee jointly,[8] this court finds that an indemnification claim brought pursuant this statute must be predicated upon allegations or claims that are legally sufficient. Consequently, this court finds that the plaintiffs' fourth count is premised upon the stricken common law negligence cause of action asserted in count one, "and since the indemnification sought in count [four] under § 7-465
is to be derived from that stricken count, such cause of action is unsupported and fails to state a claim upon which relief may be granted."Peters v. Town of Greenwich, supra, 28 Conn. L. Rptr. 671. Accordingly, the defendants' motion to strike the plaintiffs' fourth count is hereby granted.
V. Count Five — General Statutes § 7-465
The plaintiffs' fifth count asserts an indemnity claim by plaintiffs Susan and Jeffrey Goode against the defendant town of Wilton, based on the town's obligation, under General Statutes § 7-465,[9] to indemnify town employees for their negligent acts.[10] The plaintiffs Susan and Jeffrey Goode seek to invoke the indemnification provisions of § 7-465 based upon allegations that they have incurred medical expenses for the care of the minor plaintiff as a direct result of the negligence of the defendants and of the violation by the defendant Board of its statutory duty under General Statutes § 10-220 (a) to provide transportation to public school children.[11] Furthermore, the fifth count alleges that on or about March 19, 1999, the plaintiffs provided the defendant town of Wilton with timely notice of their intent to CT Page 13884 commence this action, as required by statute.[12]
The defendants assert that an action under § 7-465 must be derived from a valid underlying claim against the individual employee. Consequently, the defendants argue that the plaintiffs' indemnity claim pursuant to § 7-465 must be stricken as insufficient because it is unsupported by a valid predicate claim against the any of the various defendant-employees. In response, the plaintiffs insist that they have alleged a sufficient statutory cause of action under § 7-465.
For the reasons outlined in this court's analysis of count four, supra, this court finds that an indemnification claim brought pursuant to General Statutes § 7-465 must be predicated upon allegations or claims that are legally sufficient. Consequently, this court finds that the plaintiffs' fifth count is premised upon the stricken common law negligence count asserted in count one and the stricken statutory cause of action asserted in count two, "and since the indemnification sought in count [five] under § 7-465 is to be derived from [those] stricken count[s], such cause of action is unsupported and fails to state a claim upon which relief may be granted." Peters v. Town of Greenwich, supra,28 Conn. L. Rptr. 671. Accordingly, the defendants' motion to strike the plaintiffs' fifth count is hereby granted.
VI. Count Six — General Statutes § 10-235
The plaintiffs' sixth count asserts a direct cause of action for indemnification against the defendant Board, under General Statutes § 10-235,[13] on behalf of the minor plaintiff The sixth count incorporates the allegations pertaining to common law negligence from the first count. Moreover, the sixth count alleges that each of the following defendants is either a member of the defendant Board, or a teacher or employee thereof; or a member of its supervisory or administrative staff within the meaning of the statute: the Superintendent of Schools, David F. Clune; the coach of the Wilton High School girls varsity soccer team, Paul Baber; and the members of the Wilton Board of Education, Howard A. Sherman, John P. Hickey, Michael A. Slutsky, John C. Benson, Marie Napier and Teddy Sitter. Thus, the plaintiffs allege that the minor plaintiff sustained injuries due to the negligence of said members, teachers, employees, supervisors and administrators of the defendant Board and therefore seek to invoke the indemnification provisions of General Statutes § 10-235. The defendants argue that count six fails to state a claim upon which relief can be granted, and the plaintiffs maintain that count six sets forth a valid cause of action pursuant to General Statutes § 10-235.
Under General Statutes § 10-235, the legislature intended to make CT Page 13885 indemnification available to a board of education employee for losses sustained from claims or suits for damages resulting from any act of the employee performed in the discharge of his or her duties or within the scope of employment. King v. Board of Education, 203 Conn. 324, 326, 326
n. 3, 524 A.2d 1131 (1987). Section 10-235 is an indemnification statute that does not create a right of action against a board of education without a cause of action against an individual employee of that board.Seibold v. Town of New Milford, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 078042 (January 6, 2000, Frazzini,J.) (26 Conn. L. Rptr. 610). In other words, claims brought pursuant to § 10-235 are derivative claims.
This court notes that section 10-235 does not contain language expressly authorizing injured parties to bring a direct action against a board of education. Moreover, "[t]here is a split of authority in the Superior Court over the question whether individual injured parties have a direct cause of action under § 10-235 against a board of education, and neither the Appellate Court nor the Supreme Court has addressed the issue directly. . . . However, the majority of Superior Court decisions have held that § 10-235 is solely an indemnification statute and does not permit a direct action against a board of education." (Citations omitted; internal quotation marks omitted.) Duffusv. McClendon, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 182286 (April 12, 2001, Karazin, J.); accordD'Alessio v. Town of Ansonia, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 070881 (October 11, 2000, Nadeau,J.) (28 Conn. L. Rptr. 361).
In the present case, this court finds that an indemnification count brought pursuant to § 10-235 requires, at the very least, a viable underlying claim brought against an employee of the defendant Board. SeeSeibold v. Town of New Milford, supra, 26 Conn. L. Rptr. 610. This court notes that the plaintiffs' sixth count is premised upon the stricken common law negligence cause of action asserted in count one, and since the indemnification sought in count six under § 10-235 is to be derived from that stricken count, this court finds that such cause of action is unsupported and fails to state a claim upon which relief may be granted. Furthermore, this court finds that the greater weight of authority and reasoning is contained in cases denying a direct cause of action for indemnification by an injured plaintiff under General Statutes § 10-235 and therefore, holds that § 10-235 does not provide a direct cause of action. Duffus v. McClendon, supra, Superior Court, Docket No. 182286 (section 10-235 addresses relationship between a board of education and its employees and does not create a right of direct action against a board by third parties). See also Walsh v. WatertownBoard of Education, Superior Court, judicial district of Waterbury at CT Page 13886 Waterbury, Docket No. 149790 (November 6, 2000, Wiese, J.) (analyzing statute and cases and holding that § 10-235 creates a right of indemnification for the benefit of teachers and board employees and not all other prospective plaintiffs); Dube v. Bye, Superior Court, judicial district of New Haven at New Haven, Docket No. 418259 (December 13, 1999, Zoarski, J.T.R.) (same); Brown v. Acorn Acres, Superior Court, judicial district of New London at Norwich, Docket No. 117980 (August 23, 2000, Martin, J.) (28 Conn. L. Rptr. 24) (same); Ambrose v. Singe,
Superior Court, judicial district of Danbury, Docket No. 320896 (June 10, 1997, Stodolink, J.) (19 Conn. L. Rptr. 639); Stiffler v. City ofNorwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145373 (March 18, 1996, Tobin, J.)
(16 Conn. L. Rptr. 275) (same). But see Russo v. Town of Greenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 154836 (August 20, 1998, D'Andrea, J.) (23 Conn. L. Rptr. 62) (holding that plaintiffs may bring direct action against board for negligence of its employees pursuant to General Statutes § 52-557n (a)(1)(A) despite defendants' argument that § 10-235 prevented plaintiffs' action);Rosen v. Reale, Superior Court, judicial district of New London at New London, Docket No. 527510 (January 13, 1994, Hurley, J.) (9 C.S.C.R. 176) (holding that General Statutes § 10-235 permits direct cause of action by injured plaintiff against board of education); Nowinski v. Townof Greenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 111420 (March 16, 1994, Lewis, J.) (holding that plaintiffs counts naming board of education liable under General Statutes § 10-235 were proper). Accordingly, the defendants' motion to strike the sixth count of the plaintiffs' complaint is hereby granted.
VII. Count Seven — General Statutes § 10-235
In the plaintiffs' seventh count, the plaintiffs Susan and Jeffrey Goode assert a direct cause of action for indemnification against the defendant Board, under General Statutes § 10-235[14] The seventh count incorporates the common law negligence allegations contained in the first count, as well as certain allegations contained in the second count pertaining to the duty owed by the defendant Board, pursuant to General Statutes § 10-220 (a), to provide transportation for public school children. Moreover, the seventh count alleges that each of the following defendants is either a member of the defendant Board, or a teacher or employee thereof; or a member of its supervisory or administrative staff within the meaning of the statute: the Superintendent of Schools, David F. Clune; the coach of the Wilton High School girls varsity soccer team, Paul Baber; and the members of the Wilton Board of Education, Howard A. Sherman, John P. Hickey, Michael A. Slutsky, John C. Benson, Marie Napier and Teddy Sitter. In sum, in the seventh count alleges that the plaintiffs Susan and Jeffrey Goode have incurred expenses resulting from CT Page 13887 the injuries sustained by the minor plaintiff; due to the negligence of said members, teachers, employees, supervisors and administrators of the defendant Board and therefore, plaintiffs Susan and Jeffrey Goode seek to invoke the indemnification provisions of General Statutes § 10-235. The defendants argue that count seven fails to state a claim upon which relief can be granted, and the plaintiffs maintain that count seven sets forth a valid cause of action pursuant to General Statutes § 10-235.
For the reasons outlined in this court's analysis of count six, supra, this court finds that an indemnification count brought pursuant to General Statutes § 10-235 requires, at minimum, a viable underlying claim brought against an employee of the defendant Board. Seibold v. Townof New Milford, supra, 26 Conn. L. Rptr. 610 (section 10-235 is an indemnification statute that does not create a right of action against a board of education without a cause of action against an individual employee of that board). This court notes that the plaintiffs' seventh count is premised upon the stricken common law negligence cause of action asserted in count one and the stricken statutory cause of action asserted in count two, and since the indemnification sought in count seven under § 10-235 is to be derived from those stricken counts, this court finds that the seventh count is unsupported and fails to state a claim upon which relief may be granted. Furthermore, this court finds that § 10-235 does not provide for a direct cause of action for indemnification by an injured plaintiff Duffus v. McClendon, supra, Superior Court, Docket No. 182286 (section 10-235 addresses relationship between a board of education and its employees and does not create a right of direct action against a board by third parties). Accordingly, the defendants' motion to strike the plaintiffs' seventh count is hereby granted.
In summary, for the foregoing reasons, the defendants' motion to strike counts one through seven of the plaintiffs' complaint, respectively, is hereby granted.
MINTZ, J.